CHARLES BARCLAY *v.* WETMORE & MORSE GRANITE CO.

May Term, 1917.

Present: WATSON, C. J.; HASELTON, POWERS, TAYLOR, and MILES, JJ.

Opinion filed October 16, 1917.

*Master and Servant—Duty of Inspection—Jury Question—Reliance by Servant—Duty to Warn and Instruct Servant—Contributory Negligence—Incompetency—Single Act of Negligence.*

In an action of tort for negligence, the question whether it was the duty of defendant, after having made a blast in a granite quarry, to make a reasonable inspection, before ordering a second blast, was, under proper instruction by the court, for the jury.

Where it is the duty of the master to make an inspection, and a reasonable inspection is not made, the master is liable for injuries sustained by a servant by reason of the dangerous condition existing; or if by the inspection made, the master knew, or ought, in the exercise of due care, to have known of the dangerous condition, and the servant is injured thereby, not having knowledge of the danger equally with the master, the latter is liable.

Where the duty of inspection is on the master the servant is justified, in the absence of knowledge or information to the contrary, in assuming that the master has performed his duty fully in this regard, and relying upon it without inspection for himself.

A servant has the right to assume that the master will warn and save him from needless exposure to injury.

In an action for tort to recover for personal injuries, brought by a servant against his master, the negligence of the defendant and contributory negligence of the plaintiff, *held*, to be jury questions.

Incompetency and negligence are not convertible terms, for the most competent may sometimes be negligent, while incompetency goes to unreliability in all that is essential to make up a reasonably safe person, considering the nature of the work and the general safety of those who are required to associate with such persons in the general employment.

A single act of negligence on the part of a servant, unaccompanied by circumstances tending to show incompetency, is not in itself evi-

dence of incompetency, and it is error, under such circumstances, to submit the question of the servant's incompetency to the jury.

TORT FOR NEGLIGENCE. Plea, the general issue. Trial by jury at the September Term, 1916, Washington County, *Fish*, J., presiding. Verdict for plaintiff. Defendant excepted.

The plaintiff was a powder man in the employ of the defendant. After exploding a blast in a sheet of granite, he was ordered by defendant's foreman to prepare and fire a "seam blast", in a seam in the stone which had been made by the first blast. There was evidence tending to show that it was the duty of the foreman to inspect the stone after the first blast to determine whether it was safe to fire the "seam blast." The foreman told plaintiff to hurry, and the latter prepared the blast, but, while preparing to fire it, the stone moved and the powder exploded, causing the injuries complained of.

At the close of plaintiff's evidence, the defendant rested its case and moved for a verdict, the grounds of which motion appear fully in the opinion.

In addition to the general verdict, the jury brought in a special verdict, in answer to a question submitted to them by the court, in which they found that the accident was the result of the incompetency of the foreman.

*Erwin M. Harvey* and *Richard A. Hoar* for defendant.

A single act of casual neglect by a servant does not show incompetency so as to charge the master with negligence in retaining the servant in his employ. Bailey, Personal Injuries, Sec. 340, pp. 897, 898; *Holland* v. *So. Pac. Co.*, 100 Cal. 240; *Baulac* v. *R. R. C.*, 59 N. Y. 356; *Conrad* v. *Gray*, 109 Ala. 130; *Couch* v. *Coal Co.*, 46 Iowa 17; *Baltimore Elec. Co.* v. *Neal*, 65 Md. 431; *Harvey* v. *R. R. Co.*, 88 N. Y. 481; *Wicklund* v. *Sayles Coal Co.*, 119 Iowa 338; *Hathaway* v. *Ry. Co.*, 92 Iowa 340; *Cooper* v. *Ry. Co.*, 23 Wis. 668.

*John W. Gordon* and *S. Hollister Jackson* for plaintiff.

A single act of negligence may be sufficient to establish incompetency. *Mahoney's Admr.* v. *Rutland R. R. Co.*, 81 Vt. 210, 217; *Russ* v. *C. V. Ry. Co.*, 78 Vt. 424; *Place* v. *G. T. Ry. Co.*,

82 Vt. 42, 48; *Still* v. *San Francisco Ry. Co.,* 154 Cal. 559; *Murphy* v. *St. Louis, etc., R. R. Co.,* 71 Mo. 202; *Lee* v. *Michigan Cr. Co.,* 87 Mich. 574; *Pleasants* v. *R. R. Co.,* 121 N. C. 492; *Heath* v. *New Haven, etc., Co.,* 140 Mass. 175; *Evansville, etc., R. R. Co.* v. *Guyton,* 115 Ind. 450.

MILES, J.   This is an action in tort to recover for a personal injury sustained by the plaintiff through the alleged negligence of the defendant in not furnishing the plaintiff with a safe place in which to perform his duties and in not furnishing him with a competent fellow servant.   The case was tried by jury and at the close of the plaintiff's evidence both parties rested and the defendant moved for a directed verdict.   The motion was overruled to which the defendant excepted, and without any testimony being offered on the part of the defendant, the case was argued and submitted to the jury who found for the plaintiff.

The evidence viewed most strongly in favor of the plaintiff in determining the questions raised by the motion, fairly and reasonably tended to show the following facts:   The plaintiff, at the time of his injury, was fifty-seven years old and had been engaged in the quarry business since he was fourteen or fifteen years of age; that he had been a powder man engaged in handling powder and blasting rock in quarries for thirteen or fourteen years; that he had been at work for defendant for three or four years before the accident as a powder man and engaged almost exclusively in loading and firing blasts during that time; that he was well acquainted with the quarry business in all its details; that since he was employed by the defendant, his duties required him to do blasting wherever directed by any of the defendant's six foremen, and on the day of the accident he was ordered by Charles Lance, one of the defendant's foremen, to load and fire a blast in defendant's quarry.

No question is made but that when the plaintiff was first ordered by Lance to load and fire the blast, the place in which he had to work was reasonably safe, and it so remained during the making of that blast.   By that blast the stone was separated from the quarry to some extent, leaving a seam between the solid wall and the stone intended to be removed.   After the blast was fired, Lance and another foreman went to the place of the blast, the plaintiff following them.   Lance examined the result of the blast and then ordered the plaintiff to make a seam blast,

and to hurry up about it as the. men were waiting for him. Thus the foreman inspected the situation, and on such inspection gave the order to make the blast, without which order the plaintiff would not have made it, as. he had performed his duties resting upon the first order given him.   Can it be said as matter of law that the duty of such inspection did not devolve upon the master after the first blast, and before ordering the second one? Or was it, in the circumstances of this case, a question of fact for the jury?   Bearing in mind the exact scope of the plaintiff's duties generally, and also of the first order to him to make the blast in this part of the quarry, we think it was a question of fact for the jury whether, under proper instruction by the court, it did not devolve upon the defendant to make a reasonable inspection of the situation before ordering the second blast.   This being so, if reasonable inspection was not made, which was also a question for the jury, the master is liable; or if by the inspection made, the master knew, or in the exercise of. due care ought to have known of the dangerous condition existing, and then ordered the plaintiff to make the seam blast, the plaintiff not having knowledge of such dangerous condition equally with the defendant, the defendant is liable; for, it being the master's duty to inspect, the plaintiff would be justified in the absence of knowledge or information to the contrary, in assuming that the defendant had performed its duty fully in this regard and to rely upon it without inspecting for himself; *Eastman* v. *Curtis,* 67 Vt. 432, 32 Atl. 232; *Lassasso* v. *Jones Bros. Co.,* 88 Vt. 526, 93 Atl. 266.

What is said before seems to bring the case more particularly within the doctrine of *Lassasso* v. *Jones Bros. Co., supra,* than within that of the Conroy case in 86 Vt. 175, 84 Atl. 737.   In the order given and the inspection made, Lance acted as and for the master and hence the fellow servant rule is not involved.   The plaintiff had the right to depend upon the master, it being present by its agent directing the work, and the plaintiff had also the right to presume that the master would warn and save him from needless exposure to injury; *Owensboro* v. *Gabbart,* 135 Ky. 346, 122 S. W. 178, 135 Am. St. Rep. 462, 21 Ann. Cas. 705.

The second ground of the defendant's motion was that there was no evidence tending to show negligence on the part of the defendant.   The fact that Lance was in haste to have his order performed promptly, the evidence that the stone moved of its

own weight, shortly after Lance made his investigation, that a spark was liable to be produced by the movement of one stone upon the surface of another, the position of the rock resting upon an inclined surface, and the ignition of the powder simultaneously with the movement of the rock, the full and detailed account of all the circumstances of what occurred after the order to blast was given were matters to be submitted to the jury and which cannot be said to have no tendency to show that the defendant was negligent.

The fifth ground of the motion that the injury was the result of the plaintiff's contributory negligence is without merit. The case is very full and complete with reference to what the plaintiff did in connection with the accident, and it was for the jury to say from all these facts whether the plaintiff was guilty of contributory negligence.

The other grounds of the motion require no further discussion, as what we have already said sufficiently covers them. The motion for a directed verdict was properly overruled.

The defendant took fourteen exceptions to the charge of the court below, only one of which, we think, is necessary to consider in disposing of the case, and that exception is defendant's third exception, which was to the submission to the jury of the question of Lance's incompetency as a fellow servant. The ground of the objection was that there was no evidence tending to show that Lance was incompetent; that although he may have been guilty of an act of negligence in this particular case, such negligence standing alone would be insufficient to establish the fact of his incompetency.

The plaintiff, on the other hand, argues that where there is only one act of negligence of the servant shown, such act may be of such a character, though standing alone, as to establish the fact of incompetency and he claims that this case is of that character and cites: *Mahoney's Admr.* v. *Rutland R. R. Co.,* 81 Vt. 210, 69 Atl. 652; *Place* v. *Grand Trunk Ry. Co.,* 82 Vt. 42, 71 Atl. 836; *Russ* v. *Central Vt. Ry. Co.,* 78 Vt. 424, 63 Atl. 134, and *Evansville, etc., R. R. Co.* v. *Guyton,* 115 Ind. 450, 17 N. E. 101, 7 Am. St. Rep. 458. We think that none of these cases cited by the plaintiff support his contention. In *Mahoney's Admr.* v. *Rutland R. R. Co., supra,* the negligence was accompanied by evidence that the telegraph operator who failed to report the departure of the train knew that the rule required him to do so but

did not know that the rule required him to do so promptly.    In that case the incompetency consisted, not in the negligent act but, in the operator's lack of knowledge of a rule necessary to be observed for the safety of the traveling public and fellow servants.    In *Place* v. *Grand Trunk Ry. Co., supra,* the negligence was accompanied by evidence that the engineer was deaf in consequence of which he did not hear a certain click which would have warned him, if he had heard it, that the engine had taken the wrong track, resulting in the plaintiff's injury. In that case the incompetency did not consist in the negligent act, but in the engineer's defective hearing.    In *Russ* v. *Central Vt. Ry. Co., supra,* the negligent act was accompanied by evidence that the engineer, although competent as such, was not acquainted with the road over which he was running at the time of the accident, and because of this the accident happened.    In the Mahoney case ignorance of the telegraph operator was the ground of the servant's incompetency.    In the Place case the engineer's deafness was the ground of his incompetency, and in the Russ case the engineer's lack of knowledge of the road was the ground of his incompetency.    None of the foregoing cases support the claim of the plaintiff.    In *Evansville, etc., R. R. Co.* v. *Guyton,* 115 Ind. 450, 17 N. E. 101, 7 Am. St. Rep. 458, it is said:    "It may be conceded that the evidence in the record fully establishes the fact that Stice had been for years a faithful, vigilant and competent brakeman, and that he had fairly earned his recent promotion to the position of freight conductor by long and diligent service for the company; and the idea is not to be tolerated that the law will pronounce a person who is shown to be qualified by years of efficient service incompetent because of a single mistake or act of forgetfulness."    In another place in the opinion, it is true, the court says that a single case, *with the circumstances surrounding it,* may tend very strongly to show the incompetency of the actor to perform the service to which he was assigned; but the case nowhere holds that the accident alone, without the surrounding circumstances, would establish incompetency.    We think that case does not support the claim of the plaintiff made in this case; for in this case the evidence fails to disclose any attending circumstances giving character to the negligent act as an act of incompetency.    Indeed the evidence does not disclose just what examination Lance made before ordering the seam blast, and his negligence, which the evidence

tends to show, must be inferred to be the result of haste in that particular instance and not the result of incompetency. In cases where incompetency is charged, it is essential in the consideration of that matter, to keep clearly in mind the distinction between the act resulting from negligence alone and one resulting from incompetency. Incompetency and negligence are not convertible terms, for the most competent may sometimes be negligent; while incompetency goes to unreliability in all that is essential to make up a reasonably safe person, considering the nature of the work and the general safety of those who are required to associate with such person in the general employment; *Maitland* v. *Gilbert Paper Co.*, 97 Wis. 476, 72 N. W. 1124, 65 Am. St. Rep. 137; *Coppins* v. *New York Central R. & H. R. Co.*, 122 N. Y. 557, 25 N. E. 916, 19 Am. St. Rep. 523. Our attention has not been called to any case where it has been held that a single act of negligence, unaccompanied by circumstances tending to show incompetency, is in itself evidence of that fact and we know of no such case. In the case at bar, Lance had been at work for the defendant for a long time, and as far as the case shows, had never been guilty of negligence or incompetency before the plaintiff's injury, and there is nothing in the evidence tending to show any circumstances attending the alleged negligent act, from which it can be inferred that Lance was incompetent, and it was error to submit that question to the jury and harmful error, for its submission confused the real issue in the case as appears from the special verdict rendered in the case.

As this holding makes it necessary to send the case back for a new trial, we deem it unnecessary to consider any of the other exceptions raised in the case, as the same are not liable to arise on another trial.

*Judgment reversed and cause remanded.*