## ANDERSON v. DANIEL.*

(En Banc. Oct. 6, 1924. Suggestion of Error Overruled Nov. 3, 1924.)

[101 So. 498. No. 24048.]

1. PARENT AND CHILD. *Rule stated as to parent's liability for permitting minor son, who is reckless driver, to operate car.*

An automobile driven by a minor child of the owner with the latter's knowledge or permission, the child being a reckless driver, and by reason thereof injures another, and his incompetency is known to the parent, the latter is liable upon the ground of negligently permitting the child to operate the car.

2. PARENT AND CHILD. *Question of father's knowledge of use of car by minor, and that he was reckless driver held for jury.*

On the issue of fact of whether a minor child, who was a reckless driver of an automobile, was driving his father's car at the time of the injury complained of with the latter's knowledge or consent, evidence to the effect that the child was a member of the father's household, that he was in the habit of driving the car, and that he was a reckless driver and had the reputation as such in the neighborhood where his father lived, was sufficient to make it a question for the jury.

3. APPEAL AND ERROR. *Judgment not reversed after verdict for defect in form of declaration, or insufficient statement of plaintiff's cause of action.*

Under the statute of jeofails (section 808, Code of 1906; section 596, Hemingway's Code) no judgment will be reversed after verdict for any defect of form in the declaration, or because of any insufficient statement of plaintiff's cause of action.

SMITH, C. J., and COOK, J., dissenting in part.

APPEAL from circuit court of Monroe county.

HON. C. P. LONG, Judge.

Action by A. J. Daniel against L. B. Anderson. From a judgment for defendant, plaintiff appeals. Affirmed.

*Headnotes 1. Parent and Child, 29 Cyc, p. 1666; 2. Parent and Child, 29 Cyc, p. 1666; 3. Appeal and Error, 4 C. J., section 3196.

*D. W. Houston, Sr. and Jr.,* for appellant.

The uncontradicted evidence shows that the defendant's minor son, James Anderson, then about seventeen years of age, who had been attending school in Clay county, Mississippi, away from his home since September, 1921, came home to spend the Christmas holidays with his parents; that on December 30, 1921, the latter part of the holidays, and during his stay at home at said time, without the knowledge, consent, or permission of his father, the defendant, who was away from home at the time, or his mother, and not on the business of his father or mother, but for his own pleasure, recreation and convenience, went to the garage of his father, took therefrom his Ford automobile and, in the course of a drive, struck and injured plaintiff. This court has repeatedly held that to create a liability in such a case, (1) the relationship of master and servant must exist between the driver of the car and the owner; (2) the car must have been used at the time of the injury in the course of the master's business. *Woods* v. *Clements,* 113 Miss. 720, 74 So. 422, and reported again on Suggestion of Error, 114 Miss. 301, 75 So. 119. This was further definitely decided in the case of *Dempsey* v. *Frazier,* 119 Miss. 6; *Winn* v. *Halliday,* 109 Miss. 691, 69 So. 695. Especially is this true in the instant case, on the state of the pleadings—the court having submitted the case on the second count of the declaration, which alleges: ''Because defendant L. B. Anderson, entrusted his Ford and disabled car without brakes to his minor son, sixteen to seventeen years of age, as his agent to drive and direct said car on a special mission and task assigned him by his father.'' As a matter of fact there is a total lack of evidence to support any such contention.

It is true, the second count of the declaration further alleges that the said defendant knew that his son was careless and reckless in the manipulation and use of said

car, but the second count of said declaration, so far as the evidence or lack of evidence reflected by the record, is based or predicated upon a false premise—that is a limited relationship of master and servant between the father and the son, in this, that he entrusted said car to his minor son "as his agent to drive" and direct said car on a special mission and task assigned him by his father; and the court by giving the peremptory instruction, as he properly did to the first count of the declaration—there being no evidence to support any relationship of master and servant between the father and son, fell into grave error in refusing to grant the peremptory to the whole declaration, for there was a material variance between the allegations of the declaration and the proof, and the case was submitted to the jury upon issues not made by the pleadings and the proof, and the verdict is, therefore, based upon an issue not before them and a false premise. We are not unmindful of our statute on variances and kindred statutes and decisions thereunder, for it is our view that they do not apply to such a case as this—where our demurrer to the evidence, seasonably made, in the form of a request for a general peremptory instruction to the whole declaration goes right to the heart of the lawsuit.

Conceding for the sake of the argument, and stretching our imagination, that the second count of the declaration in the case at bar is based on the theory that the father knowing, or as a reasonable man should have known, that his son, James, was a reckless and careless driver "and was careless and reckless in the use and manipulation of said car and whose reckless driving habitually endangered the lives and property of travellers and pedestrians on the public road, which said defendant allowed his minor son to frequent, and that so knowing the habitual reckless driving of said car by his said son, at the time and in the manner aforesaid, entrusted same to his said son," etc., using the language of counsel in the

first count of the declaration, where is there any competent evidence in this record to support any such contention?

There was no authority for him to use said car at said time and it was not entrusted to him either for use on his father's business or for his own recreation, pleasure or convenience— the father not being liable for the torts of his minor son—his use of said car, therefore, even if he had used it, having no connection with his use or handling of it on this specific occasion when this accident occured.

The evidence further fails to show by competent testimony that the defendant's minor son was a careless and reckless driver, there being no witnesses introduced, or any competent testimony whatever which would bring home to the father knowledge—either actual, or such that he as a reasonable man should have known, that his son was a careless and reckless driver.

The only testimony introduced by the plaintiff even tending to establish a careless and reckless tendency in driving on the part of the defendant's minor son, were the witnesses Basham, Darracott, Holman, Nevins, Boyd, and Alexander. The extent of their testimony along this line was to the effect that in their opinion it seemed like he was a reckless driver—some of them stating, merely that he was a fast driver.

It is a well-settled rule that in an action involving the competency of a driver of a motor vehicle, that a witness should not be permitted to give his opinion as to the competency of the driver in question, for the jury is capable of drawing the proper inference from a statement of the facts. Huddy on Automobiles, (5 Ed.), sec. 296, page 359; *Black* v. *Blacksher*, 66 So. (Ala.) 863.

It has also been held that it would be competent in bringing knowledge to the father of the recklessness and carelessness of the son, if he was such, to have shown that he had been specifically negligent on other occasions,

which resulted in accidents. Section 130, Berry on Automobiles, page 151. But there is a total lack of any such evidence here, and knowledge cannot be brought home to the father, and liability fastened upon him from the mere opinions of five or six witnesses that in their opinion he was a reckless driver without specific acts of negligence based upon facts so that the jury might determine whether he was such a driver or not. Something else must follow, too—the recklessness and carelessness of the minor son and the knowledge of the father of such recklessness and carelessness, and that is that the father must have entrusted or habitually allowed his car to be driven by his minor son knowing that he was a careless and reckless driver.

In *Wood* v. *Clement*, 113 Miss. 720, 74 So. 422, it was held that where a defendant, a member of a real estate firm, which owned an automobile, allowed his family to use the car when it was not necessary for his business and his adult daughter (to whom he at times gave permission to drive said automobile) without his express consent, but with his implied consent, took the car for a pleasure trip, on which trip she collided with the car of plaintiff, in such case the daughter was not the servant of defendant in operating the car, and he was not liable for her negligence.

In *Dempsey* v. *Frazier*, 119 Miss. 1, 80 So. 341, where the father, who had given his minor son an automobile was sued for the negligence of the son in operating said car, it was held that the parent of a minor child cannot be held liable for the tortious acts of the child on the mere ground of parental relationship, but that the parent is responsible only on the same grounds that he is for the torts of other persons; and that in order for him to be made liable, the relationship of master and servant must have existed at the time of the accident from which the injuries resulted.

This is also the rule as again laid down by the court

in *Winn* v. *Halliday,* 109 Miss. 691, 69 So. 685, where the father was held liable for the acts of his minor son.; but the facts in that case are entirely different from those in the case at bar.

*Leftwich & Tubb,* for appellee.

The argument in the case resolves itself into two propositions: first, was James Anderson about his father's business when he negligently hurt the appellee? and, second, were the facts and circumstances such that the said James Anderson's general reputation for reckless and careless driving was bad and that his father knew or should have known it, and that yet he allowed him the frequent and general use of the car and for that reason assumed responsibility for any wrongs and injuries inflicted on third persons. This latter proposition we will refer to in a later paragraph.

The Ford car was bought for and used as a family car for the general use and pleasure of the entire family. So far as we learn from the proof, there were only four members of the family, the father and mother who were never known to drive the car and don't claim to have done so, and the two boys. The car used by James Anderson was a family car to which all four members of the family had absolute access when they got ready, from which premise the conclusion follows that when James and Landon either one drove the car alone, or with their mother or father in it, he was about his father's business and became the agent of his father and for his negligence and injuries to third persons, his father became absolutely responsible in damages.

In weighing the testimony the social relations between the minor son and his father in the family community can't be ignored. The presumption is that the son was obedient rather than disobedient and that he was using the car by his father's consent, whose ownership of it is

conceded and the proof overwhelmingly confirms the presumption. *Hays* v. *Hogan*, — Mo. App. —, 165 S. W. 1125.

The courts of some jurisdictions make a distinction between a car being used for his own pleasure alone without any other member of the family being present when the injury occurred, and when he uses the car driving the father or mother or other members of the family, but we submit that the great weight of authority is that in either event the car is put to the use for which the owner and father intended it and when so used by a single member of the family for his own use and pleasure it is being used about his father's business and if a third person is injured by carelessness or negligence, the father and owner is liable. *Woods* v. *Clements*, 113 Miss. 720; *Birch* v. *Abercrombie*, 50 L. R. A. (N. S.) 59; *Keyser* v. *Van Ness*, 51 L. R. A. 970; *Ploetz* v. *Hall*, 144 N. W. 745, 20 R. C. L. 628; *McNeil* v. *McKain*, 41 L. R. A. (N. S.) 775; *Daly* v. *Maxwell*, 152 Mo. App. 415, 133 S. W. 355; *Stowe* v. *Morris*, 147 Ky. 386, 39 L. R. A. (N. S.) 224, 144 S. W. 52; See note of *McGowan* v. *Longwood*, 23 A. L. R. 617.

We recognize that the courts have disagreed on the proposition we are now dealing with. To the case of *Arkin* v. *Page*, 5 A. L. R. 216, a lengthy note is appended aligning the authorities on the opposite sides. See *McGowan* v. *Longwood*, 23 A. L. R. 620, 20 R. C. L. 629.

If James Anderson was not about his father's business when the injury occurred, does the record show him such an habitually reckless and careless driver that when his father allowed him to use the car or should have known of its use, then did the father assume liability for his recklessness and carelessness. Our own court seems to have recognized the proposition that we are now advancing in *Woods* v. *Clements*, 113 Miss. 720.

Where the parent knew or should have known of his boy's carelessness and waywardness, society imposes up-

on him the obligation of saving the public from the risk
and hazard of using the public highways while such a boy
is at large with his father's car and penalizes the father
by holding him liable for all damages inflicted by the care-
lessness of his son.   The doctrine is recognized by this
court; it is exemplified in the authorities we have quoted:
Huddy on Automobiles, page 863, sec. 662, and many
cases quoted in the notes; *Parker* v. *Wilson,* 43 L. R. A.
87; *Gardner* v. *Salmon,* 75 So. 621.

It is assigned for error and argued in appellant's brief
that the general reputation of James Anderson as a car
driver in the community in which he operated the car
was not lawfully established, that it was opinion testi-
mony and that Dr. Basham, for instance, was allowed to
state his opinion without knowing his reputation.   Dr.
Basham was not stating his opinion as to fast driving as
an opinion, he was simply stating as a fact as did numer-
ous other witnesses for both plaintiff and defendant that
they saw the boy drive and those for the plaintiff stated
that he was a reckless driver from what they saw; that
was the substance of their testimony.   The witnesses for
the defendant in the hands of appellant's counsel de-
veloped the good reputation as a driver in substantially
the same way.   The plaintiff by the development of his
own case has estopped himself to raise this question.   It
is true the testimony of these witnesses as to his being a
careful driver was not accepted by the jury and the testi-
mony of the plaintiff's witnesses was accepted but the
appellant has estopped himself to make any complaint
of the manner of its development.

ANDERSON, J., delivered the opinion of the court.

Appellee, A. J. Daniel, sued appellant, L. B. Anderson,
in the circuit court of Monroe county for damages for an
injury received by appellee at the hands of a sixteen year
old son of appellant, for which the latter was sought to

be held liable. There was a judgment in favor of appellee against appellant for one thousand dollars, from which the latter prosecutes this appeal.

Appellant's sixteen year old son was driving appellant's automobile on a public highway, and ran into appellee, breaking his collar bone and otherwise seriously injuring him. Appellee's evidence showed his injury was caused by the negligence of appellant's son in the driving of the car. The jury was amply justified by the evidence in so finding in their verdict. Appellant's principal complaint at the judgment rendered against him is that, on the case made by the pleadings and the evidence, the trial court should have directed a verdict in his favor. His theory is that, conceding appellee's case so far as the son of appellant is concerned, still appellee was not entitled to recover because he failed to make a case of liability on the part of appellant for the act of his son; while appellee's theory is that the judgment was justified upon the ground, among others, that appellant, knowing that his son was a reckless driver and was in the habit of using his car, became responsible for his act because he permitted him to use the car. Appellant argues that the soundness of the principle upon which appellee's theory is founded may be conceded, and still the evidence is insufficient to make an issue of fact for the jury under it. Appellant contends further that, even though it be true that appellant's son was a reckless driver, and appellant knew it, and still permitted him to use his car, nevertheless there can be no recovery on that ground, because no such case is stated in appellee's declaration.

When an automobile is driven by a minor child of the owner with the latter's knowledge or permission, and such child is a reckless driver, and by reason thereof injures another, and his incompetency is known to the parent, the latter is liable upon the ground of negligently permitting his child to operate the car. The parent, who has a right to the services of his minor child and is

charged with its discipline and control, must suffer the consequences of permitting the child to drive his automobile under such circumstances. Huddy on Automobiles (5th Ed.), section 662, p. 863.

Was there sufficient evidence to go to the jury on this issue? Appellant contends there was no direct evidence showing that he knew that his son was using his car, or that his son was a reckless driver. It is true that no witness testified that appellant knew that at the time of the injury his son was operating the car. Nor did any witness testify that appellant knew that his son was a reckless driver. But appellee's evidence by several witnesses was to the effect that appellant's son constituted one of appellant's household, that he was often seen by the neighbors driving appellant's car, and that he was not only a reckless driver but had that reputation in the neighborhood where appellant resided and where the injury complained of occurred. This evidence in our opinion was sufficient to go to the jury on the question whether appellant knew that his son was in the habit of driving his car, and also on the question whether appellant knew that his son was a reckless driver.

Appellant argues, further, that there could be no recovery on that ground, because appellee's declaration states no such case. Appellee, answering that contention, says that it is stated in the second count of the declaration, even though it be imperfectly therein set out as contended for by appellant, and that the judgment is good under the statute of jeofails. The portion of the second count of the declaration upon which appellee relies as sufficiently setting out this ground of recovery is in this language:

"For this, also, to-wit, because defendant, L. B. Anderson, intrusted his Ford and disabled car without brakes to his minor son, sixteen to seventeen years of age, as his agent to drive and direct said car on a special mission and task assigned him by his father, whom the said Anderson knew was careless and reckless in the use

136 Miss.—30.

and manipulation of said car, and whose reckless driving habitually endangered the lives and property of travelers and pedestrians on the public road, which the said defendant allowed his said minor son to frequent, as his agent in charge of said car. That the said defendant, so knowing the habitual reckless driving of the said Ford car by his said son, at the time, and in the manner aforesaid, intrusted the same to his said son, who with reckless indifference to the rights of others, and in disregard of their rights and while driving said car carelessly, at a reckless and unnecessary speed, carelessly, wantonly, and recklessly drove the same against the body of plaintiff,'' etc.

Appellant pleaded to the declaration. He failed to raise the question of its sufficiency either by demurrer or by objection to appellee's evidence on the ground of variance. It may be conceded that the count in question insufficiently sets out a cause of action. Nevertheless the defect is one of form and not of substance. It therein distinctly appears that appellee relied on, as a part of his ground for recovery, the fact, as therein alleged, that the son was a reckless driver, and was in the habit of driving appellant's car, which facts were known to appellant. But, conceding that this ground of recovery is inadequately set out in the declaration, it is clear that the question cannot now be raised on appeal under the statute of jeofails (section 868, Code of 1906; section 596, Hemingway's Code); which provides, among other things, that no judgment shall be reversed after verdict for any defect of form in the declaration, or because of any insufficient statement of the cause of action in the declaration. *Y. & M. V. R. R. Co.* v. *Schraag,* 84 Miss. 125, 36 So. 193.

The conclusion we have reached renders it unnecessary to decide the other question mainly argued. The additional assignments of error, covering minor questions, we do not think call for a discussion. It is sufficient to say that we find no merit in any of them.

*Affirmed.*

SMITH, C. J. (dissenting).

I am of the opinion, in which Judge COOK concurs, that testimony to the effect that the appellant's son was, and had the reputation of being, a reckless driver, is insufficient to warrant the jury in finding that the appellant knew that his son was a reckless driver when he permitted him to use the automobile. If this reputation of his son had been proved to have been known to the appellant a different question would arise, but, as it is, his liability has been permitted to rest not on his knowledge of his son's reckless driving but on his son's reputation therefor.

It seems reasonably clear from the evidence that what the witnesses meant when they said that the son had the reputation of being a reckless driver was, as some of them expressly stated, that he had the reputation of driving fast.