YAZOO CITY v. LOGGINS.*

(Division A.   Dec. 13, 1926.   Suggestion of Error Overruled Jan. 24, 1927.)

[110 So. 833.   No. 25873.]

1. MUNICIPAL CORPORATIONS. *Presence of light at excavation into which sidewalk pedestrian fell held question for jury.*

Evidence as to whether lighted lantern was placed on sidewalk at excavation into which pedestrian fell *held* conflicting, and so to require submission to jury.

2. APPEAL AND ERROR. *Party requesting submission of issue may not complain of its being done.*

Any error in submitting issue to jury as unauthorized by evidence may not be complained of by party at whose request it was done.

3. EVIDENCE. *Declaration of street commissioner, after accident, that prior thereto he saw excavation, is admissible to show city's actual prior knowledge.*

As tending to show city had actual knowledge of excavation in sidewalk at and before time pedestrian fell into it, subsequent

declaration of street commissioner, city's agent in charge of streets and sidewalks, that on the afternoon before the accident he saw the trench, is admissible.

4. Trial. *On voir dire examination, members of panel may be asked as to being interested in or representing indemnity insurance company.*

Members of panel may, on *voir dire* examination, be asked as to being interested in or representing any company writing indemnity insurance, so long as such examination is conducted in good faith to discover qualification of jurors.

5. Damages. *Verdict of ten thousand dollars for injury to stump of leg held not excessive.*

Under evidence of injury to stump of leg of barber thirty eight years old, previously earning forty dollars to forty-five dollars per week, preventing him thereafter engaging in gainful occupation, and causing intense pain, *held* verdict of ten thousand dollars could not be said to be so grossly excessive as to evince corruption, passion, bias, or prejudice on part of jury, or to warrant its disturbance by appellate court.

*Corpus Juris-Cyc. References: Appeal and Error, 4CJ, p. 712, n. 59; Damages, 17CJ, p. 1112, n. 79; Evidence, 22CJ, p. 284, n. 92, 93, 94, 95, 96; Juries, 35CJ, p. 394, n. 41; p. 395, n. 46, 47, 48; Municipal Corporations, 28Cyc, p. 1501, n. 21; p. 1506, n. 55; On excessiveness of verdicts in actions for personal injuries other than death, see annotation in L. R. A. 1917F, 30; 8 R. C. L. 674; 2 R. C. L. Supp. 638; 4, R. C. L. Supp. 567; 5 R. C. L. Supp. 480; 6 R. C. L. Supp. 521.

Appeal from circuit court of Yazoo county.

Hon. W. H. Potter, Judge.

Action by T. A. Loggins against Yazoo City. Judgment for plaintiff, and defendant appeals. Affirmed.

*J. G. Holmes,* for appellant.

I. The evidence affirmatively shows that the city was free from any negligence. "Municipalities are required to exercise only ordinary care to keep and maintain their streets and sidewalks in a reasonably safe condition." *Vicksburg* v. *Hennessy,* 54 Miss. 391; *Meridian* v. *Crook,* 109 Miss. 700.; *Hinginbottom* v. *Burnsville,* 113 Miss. 219; *McComb City* v. *Hayman et al.,* 124 Miss. 525.

"Municipalities are not insurers of the safety of their streets and sidewalks." *Higginbottom* v. *Burnsville,* 113 Miss. 219. "If a suitable warning has been erected by a third person in the performance of the work, it relieves the municipality from the necessity of taking a like precaution, and the municipality may avail itself in its defense of the warning placed by the author of the danger, or others." 6 McQuillin, Municipal Corporations, section 2802; *Stockton Automobile Co.* v. *Confer,* 154 Cal. 402, 97 Pac. 881; *Kansas City* v. *Birmingham,* 45 Kan. 212, 25 Pac. 569; *Walker* v. *Ann Arbor,* 111 Mich. 1, 69 N. W. 87.

"Generally a plain warning by the use of a red light is sufficient, without barricading a street so as to preclude injury." 6 McQuillin, Municipal Corporations, page 5714; *Karrer* v. *Detroit,* 142 Mich. 331, 106 N. W. 888.

II.   The jury on their *voir dire* examination were improperly informed that the city was insured against liability.   36 C. J., page 1128; *Herrin, Lambert & Co.* v. *Daly,* 80 Miss. 340; *Stratton* v. *C. H. Nichols Lbr. Co.,* 39 Wash. 322, 109 A. S. R. 881, 81 Pac. 831; *Hoyt* v. *Davis Mfg. Co.,* 112 App. Div. 755, 98 N. Y. Supp. 1031; *Mithen* v. *Jeffrey,* 259 Ill. 372, 103 N. E. 778.

III.   It was error to admit the opinion evidence of appellee's witness, Jack Manning.   In *I. C. R. R. Co.* v. *Short,* 113 Miss. 272; *R. R. Co.* v. *Spencer,* 72 Miss. 502; and *Merchants' Wharf Boat Ass'n* v. *Wood et al.* (Miss.), 3 So. 248, the supreme court of Mississippi has condemned opinion evidence where the witness is not shown to have been qualified by reason of some superior expert knowledge or observation, or experience.

IV.   It was error to admit the hearsay testimony of appellee's witness, J. W. Willoughby, as to statements made by L. A. Underwood.

V. The verdict of the jury is excessive. The injuries which appellee sustained were to his right leg. About thirteen years prior to the accident involved in this case, appellee's right leg had been amputated several inches below the knee, as a result of injuries sustained while an employee of the A. & V. Railroad Company at Vicksburg. Six years after these injuries were sustained, he had a second operation as a result of his previous injuries. During the period of thirteen years he had been using an artificial limb. The injuries in this case resulted in a fracture of the leg above the knee.

The doctor who made the X-ray examination of the leg, while denominating the injuries as permanent, says that he would not state that the plaintiff would be for all time incapacitated. He states further that in his opinion the appellee might resume the use of the artificial limb, although he states that it might give him some discomfort.

*Watkins, Watkins & Eager,* also, for appellant.

The court erred in refusing to grant the directed verdict requested by defendant. The rule is too elementary to require the citation of authority that a municipality is not an insurer of its streets but is liable only for the failure to use ordinary or reasonable care and precaution in respect to the same. As we view the testimony of this case, the only theory upon which it can be said that the case should have been submitted to the jury would be that a municipality is an insurer against injuries sustained on account of defects in its streets or sidewalks. This is clearly not the rule but the municipality is required to exercise only ordinary care in the guarding or warning of dangerous places.

The learned trial court overlooked the fact that the object of a warning light is to warn persons of the danger and to prevent their close approach. It is not the purpose of the warning signal to provide sufficient light so

that one may cross the point of danger in safety. Thus it was held in *Stacy* v. *Phelps,* 47 Hun. (N. Y.) 54, that since the object of a guard is merely to warn travelers and not absolutely to prevent contact with the danger, a municipality was not liable for injuries caused by the fall of a runaway team into an unguarded excavation since a guard would not have prevented the accident. 13 R. C. L., par. 356; 29 C. J., page 688, par. 452.

The appellant also had the right to avail itself of the benefit of the action taken by the private contractor Jenne in guarding the excavation on the sidewalk by placing a signal lantern, with like effect and to the same effect as though the appellant had itself put out the signal. *Stockton Automobile Co.* v. *Confer,* 97 Pac. 881.

Hearsay testimony on the part of Mr. Willoughby falls far short from proving any notice to the city that a proper signal which had been duly placed at the scene of the accident had become extinguished in some unknown manner only a few minutes prior to the accident. 29 C. J., 718, par. 486. In the case at bar there is no conflicting evidence as to the placing of the signal lantern nor its sufficiency.

This court in *Meridian* v. *Hyde* (Miss.), 11 So. 108, has indirectly passed upon a similar question to that at bar. It has been universally held that a municipality is not liable for injury resulting from defects of its streets or on its sidewalks where the warning signal or barrier has been removed without its knowledge. 29 C. J., par. 452, page 690.

In the case at bar the city not only did not have notice that the signal lantern had become extinguished, but on the other hand one of its employees, Mr. Adams, had walked along Filmore street only a few minutes before the accident occurred and testified that at that time both lights were burning brightly and furnishing a sufficient warning of the danger. *Dooley* v. *Town of Sullivan, Ind.,* 14 N. E. 566; *Doherty* v. *Waltham,* 4 Gray 596; Shear & R. Neg., par. 360; 13 R. C. L., par. 360 at page 440.

It is sufficient if a plain warning of danger is given and the traveler has notice or knowledge of facts sufficient to put him on inquiry. In the case at bar all the evidence forcibly and conclusively demonstrates that had it not been for the fact that the lantern placed on the sidewalk had become extinguished in some unknown manner a few minutes before Mr. Loggins' unfortunate accident, the injury never would have occurred.

The record also discloses that on the night in question this particular lantern was filled with oil and was in good condition and, therefore, the fact that it had become extinguished was no fault of the contractor or the appellant. With such testimony, it is our view that there was no question of conflict in fact to be submitted to the jury for decision, and the failure of the trial judge to grant the directed verdict was manifest error. 13 R. C. L., par. 361, page 442. As to what constitutes a sufficient warning, see: *Dooley* v. *Sullivan, supra;* 19 R. C. L. (N. S.) 509 and note.; *Ferguson* v. *City of Des Moines,* 128 N. W. 40; *Tegtmier* v. *City of Covington* (Ky.), 207 S. W. 382; *Kendall* v. *City of Des Moines,* 167 N. W. 684; *Gatewood* v. *City of Frankfort,* 185 S. W. 847, 170 Ky. 292; *Carlson* v. *City of New York,* 134 N. Y. S. 661, 150 App. Div. 264; *City of Portsmouth* v. *Lee,* 71 S. E. 630, 112 Va. 419; *Frohs* v. *City of Dubuque,* 150 N. W. 62, 169 Iowa 431; *McDonald* v. *Degnon-McLean Contracting Co.,* 109 N. Y. S. 519, 124 App. Div. 824; *Mosier* v. *East Stroudsburg, Borough,* 53 Pa. Super. Ct. 377.

For Mississippi cases decided upon the question of the liability of a municipality for injuries on account of defects or dangerous places in its streets or sidewalks, see: *Atkinson* v. *Town of Decatur,* 131 Miss. 707, 95 So. 689; *McComb* v. *Hayman,* 124 Miss. 525, 87 So. 11; *City of Hattiesburg* v. *Reynolds,* 124 Miss. 352, 86 So. 853; *City of Greenville* v. *Middleton,* 124 Miss. 310, 86 So. 804, *Saxon* v. *Town of Houlka,* 107 Miss. 161, 65 So. 124; *Jordan* v. *City of Lexington,* 133 Miss. 440, 97 So. 758; *Dah-*

*mer* v. *City of Meridian,* 111 Miss. 208, 71 So. 321; *Meridian* v. *Hyde* (Miss.), 11 So. 108.

The trial judge after refusing to grant the directed instruction, stated that while he considered it his duty to submit the case to the jury, he was not at all certain that his ruling was correct.

The trial court was in error.

*Wise & Bridgforth* and *Barbour & Henry,* for appellee.

I.   Appellant argues that the peremptory instruction should have been given.  Counsel wholly misconceive the testimony as it shows sharp and direct conflict as to whether the lantern on the sidewalk was ever lighted. The jury has by its verdict found that it never was; and with ample evidence to support this finding, it will not be disturbed.

A further conflict is the fact that both Logan and Jenne testified a lantern of the character used would not go out, and the one in the street did not.  Then too, common sense tells us that a lantern when burning consumes oil. If this excellent one had burned from five o'clock until nearly eight, as claimed, it would have consumed a part of the oil, as Logan testified that both lamps were full of oil when he lit them and Mr. Jenne, the plumber, on arriving just in time to see the ambulance take the injured man away, took the lantern which was not burning and carried it to the city's fire station, where there was a good light, and carefully examined it.  When so examined, he found it "full of oil."

We submit that the fact has been found on disputed testimony that the trench across the sidewalk was left open, and never guarded with a lantern, or any other method of warning and continued so, from the afternoon until the appellee fell into it.  If this is true the authorities cited by the appellant do not help them and we have no complaint to make of them.

Did the appellant have knowledge of the trench? There was direct and convincing proof that the city's street commissioner had actual knowledge of the existence of the trench. The existence or absence of knowledge may be shown by declarations of the person whose knowledge is of importance; even though such declarations were made a considerable time before or after the time involved in the inquiry provided there is not such an element of remoteness as destroys materiality. 10 R. C. L. 938; 16 Cyc. 1176; *Boyd* v. *Ricketts,* 60 Miss. 62; 38 Cyc. 1398. To the same effect is 26 R. C. L., par. 53, page 1046.

This court is in agreement with those holding hearsay evidence, unobjected to, constituting proof, as shown by the following decisions, some of which are directly in point, and other argumentatively so: *Exum* v. *Brister,* 35 Miss. 397; *Edge* v. *Keith,* 13 S. & M. 300; *Commercial Bank* v. *Martin,* 9 S. & M. 613; *Clinton* v. *Laird,* 12 S. & M. 568; *McComb* v. *Turner,* 14 S. & M. 119; *Union & Planters Bank* v. *Rylee,* 130 Miss. 892; *N. O. & C. R. R. Co.* v. *Mauldin,* 103 Miss. 244, *Palmer* v. *Fair Co.,* 105 So. 513.

The following cases also support our contention: 135 Pac. 373; 152 Pac. 347; 248 S. W. 205; 235 S. W. 126; 261 S. W. 380; citing Wigmore. One of the latest cases is *Poluski* v. *Glen Alden Coal Co.,* 133 Atl. 819.

The authorities seem unanimous that a failure to object to incompetent evidence, followed by a cross-examination thereon is a complete waiver and admission of such evidence and cannot be complained of on appeal. 26 R. C. L. 1052, and cases cited at note 19.

(a) It is manifest that the street commissioner was acting as such and the negligent act or thing was in operation when he made the statement. *I. C. R. R. Co.* v. *Fronstine Co.,* 64 Miss. 834, is directly in point. The case of *R. R. Co.* v. *Jones,* 73 Miss. 229, is also conclusive. *M. & O. R. R. Co.* v. *Stinson,* 74 Miss. 453, is to the same effect and conclusive.

(b)   The statement of Underwood was made while he was the agent of the city and while the negligent act was in operation.   That it was competent on this theory is supported by 22 C. J. 377; 10 R. C. L. 989.; *M. & O. R. R. Co.* v. *Stinson*, 74 Miss. 453; *Y. & M. V. R. R. Co.* v. *Jones*, 73 Miss. 229; *Fronstine* v. *R. R. Co.*, 64 Miss. 834; *Dickman* v. *Williams*, 50 Miss. 834; *W. U. Tel. Co.* v. *Waters*, 106 Miss. 59; *Pennington* v. *Bank*, 132 Miss. 23.

The case was properly submitted to jury.

II.   If a dangerous place is properly guarded by barriers and signals by those in charge of the work in the street, the city will be protected in the same manner as if such guards and signals had been placed there by it.   *Dooley* v. *Sullivan*, 112 Ind. 451, 14 N. E. 566; *Kansas City* v. *Birmingham*, 45 Kan. 212, 25 Pac. 569.; *Walker* v. *Ann Arbor*, 111 Mich. 1, 69 Mo. 87.   But on the other hand, if the municipality trust to others to see that guards, or covering, are properly kept up, it will be liable for the consequences of their negligence, although the barriers are down but temporarily.   *Blessington* v. *Boston*, 153 Mass. 409, 26 N. E. 1113; *Prentiss* v. *Boston*, 112 Mass. 43; *Boston* v. *Coon*, 175 Mass. 283, 56 N. E. 287; *Pace* v. *Webster City* (Iowa), 138 Iowa 107, 115 N. W. 888.   To like effect, see, *Sterling* v. *Thomas*, 60 Ill. 264; *Pettengill* v. *Yonkers*, 116 N. Y. 558, 15 A. S. R. 442; *Foy* v. *City of Winston* (N. C.), 35 S. E. 609; *City of Glascow* v. *Gillenwaters* (Ky.), 67 S. W. 381; *Woodman* v. *Metropolitan R. R. Co.*, 149 Mass. 339, 21 N. E. 482; 28 Cyc. 1402.

III.   Examination of jurors on their *voir dire*.   The jury when presented to plaintiff's counsel contained a Mr. Ford, known to counsel only as an insurance agent of some kind.   The counsel for plaintiff knew there was some insurance company indemnifying the appellant in this case.   In absolute faith good faith, he asked Mr. Ford if the company employing him was engaged in

the business of writing "insurance to pay judgment sustained in suits." It is seldom that a damage suit is presented to this court, that the matter here discussed is not pressed. *Yazoo City* v. *Birchett,* 89 Miss. 700; *La. Oil Cor.* v. *Farish,* 109 So. 30; *Beatty* v. *Palmer,* 71 So. (Ala.) 423; 35 C. J., page 394.

IV.  Evidence of witness Manning: Wigmore's revision of Greenleaf (16 Ed.), at page 550; 22 C. J., 518-19, at section 605, Treatise on Evidence; Chamberlayne's The Modern Law of Evidence, section 1834.

V.  The verdict was not excessive. The plaintiff was thirty-eight years of age at the time and earning from forty or forty-five dollars per week. It is true that the injured leg, due to an accident many years ago, had been amputated below the knee, but there had been a complete recovery, the plaintiff walked with an artificial limb, was able to follow his vocation as a barber, and earned what many men with two legs cannot earn.

The proof shows without dispute that the large bone of the leg was crushed and one portion of it driven into the other, so that at the time of the trial it had not united, and Dr. Day testified that the condition constituted a permanent injury. *City of Greenville* v. *Middleton,* 124 Miss. 310; *A. & V. R. R. Co.* v. *McGee,* 117 Miss. 370, *Y. & M. V. R. R. Co.* v. *Mothershed,* 122 Miss. 835; *Y. & M. V. R. R. Co.* v. *Cockerham* (Miss.), 99 So. 14; *Belzoni Hardwood Lbr. Co.* v. *Cinquimani* (Miss.), 102 So. 470.

Argued orally by *P. H. Eager* and *J. G. Holmes,* for appellant, and *Jeff Barbour* and *Allan Bridgforth,* for appellee.

COOK, J., delivered the opinion of the court.

This is an appeal from a judgment of the circuit court of Yazoo county awarding the appellee damages in the

sum of ten thousand dollars for personal injuries alleged to have been sustained by the appellee as the result of falling into an unguarded excavation in a sidewalk of said city, the appellant herein.

The original declaration filed by the appellee averred that on February 8, 1926, a private party dug a ditch across the sidewalk on Filmore street in said city for the purpose of making a sewerage connection with the resi dence of an abutting property owner; that the ditch was dug in the afternoon of the day on which the injury occurred, and was not completed and not filled up before nightfall, but was left open across the sidewalk from working hours until the happening of plaintiff's injury several hours after nightfall.   This declaration further alleged:

That ''said private party did not fence off said ditch across said street and did not erect guards for stopping pedestrians across said sidewalk, but left lighted only one lantern to warn passing pedestrians using said sidewalks of said ditch across same; that the defendant city had notice of the ditch, but provided no fences, guards, barriers, or lights as a warning to passing pedestrians; that, on the day in question, and several hours after night-fall, the plaintiff, who was returning to his home over said sidewalk, reached the place where the ditch was dug, and, there being no guard or fence erected around the same, and seeing no light thereat, necessarily and unavoidably stepped into the ditch, and was violently thrown to the ground, resulting in the fracture of one of his legs, and that the said lantern left lighted by the private party who dug the ditch had, before the ditch was reached by the plaintiff, become extinguished.''

To this declaration, the appellant demurred on the ground that the declaration charged no negligence, and stated no cause of action against the defendant, but alleged that the ditch was dug by a private party, and that said private party who dug the ditch left a lighted lantern to warn pedestrians using said sidewalk.   This de-

murrer was sustained, and the appellant thereafter filed an amended declaration, in which the averment that the private contractor left a lighted lantern to warn pedestrians of the presence of the ditch was omitted, and it was alleged that the defendant allowed a private party to dig the ditch in question, and negligently failed to provide sufficient lights, fences, barriers, or guards, as warnings of and protection from said open ditch for the benefit of pedestrians along said street, and negligently failed to exercise the prudence required of it to warn and protect parties passing along said street from said open ditch. To this declaration, the appellant filed a plea of the general issue and gave notice thereunder that it would offer evidence to show that it had no knowledge of the existence of the ditch, and that the private contractor who dug the ditch properly guarded the same by placing, at said ditch, two oil lanterns with red chimneys, both of which lanterns were in good condition, filled with oil, lighted, and left burning as a warning of the presence of said ditch, and that said lanterns properly guarded said ditch and disclosed the same to any one approaching it.

Counsel for the respective parties are in accord as to the legal principles which measure the rights and duties of a municipality in respect to dangerous obstructions or excavations in its streets, which may be stated as follows:

First, a municipality is not an insurer of the safety of its streets and sidewalks, but is only required to exercise ordinary care to keep them in a reasonably safe condition for the use of the public; and, second, where necessary excavations and openings in streets and sidewalks have been made, the duty of the municipality is to use ordinary care to warn travelers of the danger, and, if the dangerous condition has been created by a third party, and such party has erected or placed a suitable warning of the danger, the municipality is relieved of the necessity of taking like precautions, and it may avail itself in its defense of the warning placed by the author of the dan-

ger; and, third, if a municipality trusts to others to see that guards or warning are properly kept up, it will be liable for the consequences of its negligence, but, where sufficient warning of existing danger has been provided, and the same has been removed, by accident or otherwise, without negligence on the part of the party charged with the duty of providing the warning, and the municipality has no actual notice of such removal, and is not charged with notice thereof by the lapse of time, it is not liable for an injury resulting from the absence of such warning.

In the application of the foregoing legal principles to the facts here in evidence, counsel are not in agreement, and the appellant very earnestly insists that the peremptory instruction requested by him should have been granted, for the reason that the evidence shows without conflict that a proper and sufficient red lantern was placed at the excavation on the sidewalk when the workmen left the job in the late afternoon, and that said lighted lantern continued to burn until a few minutes before the injury to appellee, and that the same was thereupon extinguished without the knowledge or fault of the appellant or the private contractor who had placed the warning.

After a careful and repeated examination of the testimony of the several witnesses who testified as to the presence or absence of this lighted red lantern, we are of the opinion that there is sufficient in the evidence to require the submission of the issue to the jury. We deem it unnecessary to set forth, in detail, the testimony of the numerous witnesses on this point. That no lighted lantern was on the sidewalk when appellee was injured, which injury occurred between 7:30 and eight o'clock at night, is undisputed. The foreman who was in charge of the digging of the ditch from the middle of the street to and across the sidewalk testified that, in the course of digging the ditch, they reached the sidewalk about twenty minutes before five o'clock in the afternoon, and that digging the trench across the sidewalk was the last work done by them that day; that they quit work about 5:15

o'clock, and he then lighted two red lanterns and placed one in the middle of the street, and the other on the sidewalk at the excavation, and the workmen then immediately left the scene. Other witnesses testified that these two lanterns were so placed and were burning up to about 7:20 o'clock that night. On the other hand, J. C. Hinton, a witness for the appellee, testified that he passed along this street after the ditch was dug across the sidewalk, and after the workmen were gone, and that a lighted lantern was then at the excavation in the middle of the street, but the other lantern was unlighted, and was sitting, not on the sidewalk, but in the street, near the edge thereof. It is true that this witness fixed the hour at which he passed along this street and saw these lanterns as being four o'clock in the afternoon, and appellant argues from that fact that there is consequently no conflict between the testimony of this witness and of those who testified that the lanterns were lighted and placed after five o'clock. The witness Hinton testified that he was delivering milk on this street when he saw these lanterns, one lighted and the other not lighted, and he fixed the hour by the fact that he customarily delivered milk on that street at about four o'clock, but, regardless of the exact hour, he testified positively that the ditch was dug across the sidewalk, and the workmen were all gone from the scene when he observed the lighted lantern in the middle of the street, and the unlighted lantern in the street near the sidewalk. The foreman in charge of the work testified that the ditch was dug across the sidewalk about five o'clock, and that, before they left the work, he lighted and placed the lanterns, so it appears to us that there is clear conflict in the testimony as to whether, as a matter of fact, a lighted lantern was placed on the sidewalk.

The appellant also complains of the action of the court in submitting to the jury the question of the sufficiency of the lantern as a warning, if they believed such a lantern was placed on the sidewalk, and in refusing to direct a verdict for appellant if they believed from the evidence

that a lighted red lantern was placed on the sidewalk next to the ditch across the same. While it is true that the appellee testified that he would not have been injured if a lighted red lantern, similar to the one that was in the street, had been placed on the sidewalk, we do not think the appellant can complain of the error, if any, in refusing this instruction and submitting to the jury the question of the sufficiency of the warning, for the reason that this issue was submitted to the jury at the instance of appellant. None of the instructions granted to the appellee embodied this issue, while it was expressly submitted in at least five of the instructions requested by and granted to the appellant.

The appellant complains of the admission of testimony to the effect that the street commissioner, the agent of the city, who was in charge of the streets and sidewalks, stated after the injury that he passed along this street in the afternoon that the trench was dug, and that he saw it, and knew it was there.

"The existence or absence of knowledge may be shown by declarations of the person whose knowledge is of importance, even though such declarations were made a considerable time before or after the time involved in the inquiry, provided there is not such an element of remoteness as destroys materiality." 22 C. J. par. 302 (9).

And this statement of the appellant's agent was admissible, not to establish the existence of the excavation, but as tending to show that the appellant had actual knowledge of its existence prior to and at the time of appellee's injury.

The only other assignment of error based upon the admission of testimony presents no reversible error, if error at all. On the *voir dire* examination of the jurors, counsel for the appellee was permitted to examine them, and especially an insurance agent who was a member of the panel, as to whether they were interested in, or represented, any insurance company engaged in writing indemnity insurance, and the appellant assigns this as

error. In the case of *Herrin, Lambert & Co.* v. *Daly,* 80 Miss. 340, 31 So. 790, 92 Am. St. Rep. 605, it was held to be reversible error to admit evidence to show that the defendant is indemnified from loss, in case of recovery against him, by a policy in a casualty insurance company, but this rule does not prohibit counsel from testing, within reasonable limits, and in good faith, the qualifications of proposed jurors in respect to their connection with or interest in any indemnification the defendant may have, or their interest in or connection with any company engaged in like business. In order that the right to challenge jurors peremptorily, or for cause, may be intelligently exercised, counsel are entitled to test their qualifications in this respect, and such an examination is proper so long as it is conducted in good faith to discover the state of mind of the juror as regards such interest, or any collateral matter reasonably liable to unduly influence him. The court should, however, limit such an examination to one conducted in good faith, for the purpose only of ascertaining the qualifications of the jurors. Such an examination may usually be conducted in such a manner as not necessarily to disclose the existence of such insurance in the particular case, and the court should not allow questions tending to prejudice the minds of the jurors because of the existence of such insurance. From the examination of appellee's counsel on the motion to quash the panel, we think his good faith sufficiently appears, and that there was no reversible error in qualifying the jury.

Finally, the appellant contends that the damages awarded are so grossly excessive as to indicate a disregard of the evidence as to the nature and extent of appellee's injuries, and to evince bias and prejudice on the part of the jury. The evidence in this case shows that, about thirteen years before the injury here involved, the appellee's right leg was amputated several inches below the knee; that since that time he had been using an artificial limb; that, at the time of the last injury, he was

engaged in the barber's trade, and was earning from forty to forty-five dollars per week. In the injury here involved, the bone of appellee's right leg was crushed above the knee, and since this injury he has been unable to wear or use the artificial limb, and is unable to perform the work of a barber, or to engage in any other gainful occupation. From X-ray photographs of the injured leg, a physician testified that the large bone of the leg was crushed, and one portion of it driven into the other, so that at the time of the trial the bones had not united. He further testified that, in his opinion, the injury was permanent, and that he would never be able to use an artificial limb without considerable pain and discomfort. The appellee was thirty-eight years old, and it was shown that he had suffered intense pain as a result of his injuries. At the time of the trial, he still suffered pain in the injured leg, and there was evidence to the effect that he would probably continue to suffer pain and discomfort throughout his life. Upon this evidence, we are unable to say that the verdict is so grossly excessive as to evince corruption, passion, bias, or prejudice on the part of the jury, or that it is so grossly excessive as to warrant us in disturbing it.

We do not think any of the assignments of error present sufficient grounds for a reversal of the judgment of the court below, and consequently the judgment must be affirmed.

*Affirmed.*