LEVY et al. v. McMULLEN.

(Division B. March 5, 1934. Suggestion of Error Overruled April 2, 1934.)

[152 So. 899. No. 30934.]

**Brunini & Hirsch**, of Vicksburg, for appellants, Nathan Levy and Samuel Albrecht.

**Thames & Thames,** of Vicksburg, for appellant, A. H. Hodgeson.

Chaney & Culkin, R. M. Kelly and W. W. Ramsey, all of Vicksburg, for appellee.

Argued orally by **J. B. Brunini** and **Jas. D. Thames**, for appellant, and by **R. M. Kelly** and **A. A. Chaney**, for appellee.

**Griffith, J.**, delivered the opinion of the court.

Appellee brought suit against appellants for damages for the wrongful death of the minor son of appellee, and in the trial recovered judgment in the sum of nine thousand dollars. The declaration is in two counts. The first count charged that the defendants, Nathan Levy and S. Albrecht, partners, had employed their codefendant, A. H. Hodgeson, as a servant in the general work of the firm, and that while the said servant was then and there engaged in and about the business of his employers he so negligently and recklessly handled the automobile which he was driving and with which his employers had furnished him that as a proximate consequence thereof appellee's decedent, an invited guest, was severely injured, from which injury he soon thereafter died. The second count charged that the said employee was frequently intoxicated on the streets, bore the reputation of being an habitual drunkard, and his said employers either knew, or by the exercise of due care should have known, that the said servant was in the habit of frequently getting drunk; nevertheless, that said employers had furnished him with an automobile to use at any time he desired, and while so using said automobile and while drunk he had invited appellee's decedent, a boy of about fifteen years of age, to ride with him, and immediately thereafter the servant so negligently and recklessly drove the said automobile as to result in the death of the boy.

The principal argument in the briefs is directed upon the first count. We lay aside that count, since, in our opinion, the judgment must be sustained upon the second count. There was a general verdict for the plaintiff. Within the usual rule dealing with general verdicts there is here but one cause of action; the two counts state differences in detail leading to exactly the same liability. In such cases, in the absence of any motion or request in the trial court bearing upon the point, a general verdict

is sufficient if sustained under either count. See, for instance, Goins v. State, 155 Miss. 662, 124 So. 785.

In Anderson v. Daniel, 136 Miss. 456, 101 So. 498, Herrman v. Maley, 159 Miss. 538, 132 So. 541, and in subsequent cases, this court has become definitely committed to the principle that when the owner of an automobile permits its use by a person known to the owner to be a reckless or incompetent driver, or where by the exercise of reasonable care the owner could or should have so known, the owner is liable for all such injuries as are the natural and probable consequences of the recklessness or incompetency of the said driver while using the automobile so furnished; and in Slaughter v. Holsomback, 166 Miss. 643, 147 So. 318, this court further declared that a drunken driver is an incompetent driver, and that when an owner furnishes an automobile to another whom the owner knew or ought to have known was liable to be drunk while driving, the owner is responsible for an injury which results as a proximate consequence thereof. The broad principle upon which this liability is founded is tersely and accurately stated as follows: ''One who supplies directly or through a third person a chattel for the use of another whom the supplier knows or from facts known to him should know to be likely because of his youth, inexperience or otherwise, to use it in a manner involving unreasonable risk of bodily harm to himself and others whom the supplier should expect to share in, or be in the vicinity of its use, is subject to liability for bodily harm caused thereby to them.'' Slaughter v. Holsomback, supra, 166 Miss. 656, 147 So. 318, 321.

The facts supported by competent evidence, both direct and circumstantial, and believed by the jury, as disclosed by their verdict, are that the employers actually knew that the employee ''was occasionally a drinking man;'' and the proof is, further, that while he did not get drunk in the daytime or while around the office of his employers, he did frequently get drunk in the evening and at night, and that he was known to the police

force of the municipality, and to others who testified, as an habitual drunkard and that such was his general reputation. His employers had sufficient actual knowledge to put them upon inquiry which, if reasonably pursued, would have led to full knowledge. The employers put the automobile at the disposal of the servant and instructed the public garage at which the automobile was kept to allow the servant to have it whenever he called for it. He did call for it on the night in question, invited appellee's decedent to ride with him, and while in an intoxicated condition, and as a proximate result thereof, he ran into a fence and killed his invitee.

The employers contend here that they had instructed the employee not to use the automobile except during business hours, and that the decedent was the guest not of the owners of the car but solely of the drunken employee. We have already stated that the facts were sufficient to charge the employers with knowledge that the offending employee would frequently get drunk, and they are further charged with the contemplation of that which according to common knowledge a drunken man will likely do, that is, that such a man when under the influence of liquor will drive about in an automobile if one be available to him, without regard to orders; that he will seek company, that is, will invite another or others to ride with him; and that when driving in a drunken condition he is dangerous to all who are with him or in his vicinity. The case comes squarely within the broad general principal above quoted, with the result that the verdict and judgment must be affirmed.

Affirmed.