GOOCH *v.* DILLARD.

(Division A. Feb. 12, 1940.)

[193 So. 619. No. 34013.]

A. M. Mitchell, of Pontotoc, for appellant.

Hugh N. Clayton, of New Albany, for appellee.

Argued orally by **Hugh N. Clayton**, for appellee.

**Smith, C. J.,** delivered the opinion of the court.

The appellee was driving a wagon drawn by a horse and a mule owned by him over a public highway when the team was struck by an automobile driven by E. N. Brasshear. The horse was killed; the appellee and the mule were injured; and the wagon was damaged. Brasshear was drunk and there is no question as to his negligence in driving the automobile. Gooch was sued for the

injury on two grounds: (1) that Brasshear was driving the automobile for him as his servant; and, (2) that he furnished the automobile to him "when he knew or ought to have known that E. N. Brasshear was liable to be drunk while driving it." The evidence was in conflict as to whether Brasshear was acting for the appellant in driving the car. No error appears in the instructions relative thereto.

When Brasshear applied a short time before the accident to the appellant for work in his garage, or, as the appellant says, to lease the garage, he referred the appellant to several persons as to his habits, who advised the appellant that Brasshear did not drink intoxicating liquor while at work, but occasionally did while not at work, but nothing in this information indicated that he was accustomed at any time to become intoxicated. The appellee requested and was granted the following instruction: "If the Jury believe from a preponderance of the evidence that W. S. Gooch furnished or permitted the use of the automobile driven by E. N. Brasshear; that said Gooch knew or in the exercise of reasonable care ought to have known that Brasshear was liable to be drunk while driving said automobile and that the said Brasshear was drunk while driving the said automobile when it struck the team and wagon of the plaintiff's and that the personal injury to the plaintiff and the damage to his personal property, if any, as shown by the evidence, was the proximate result thereof, then, it is the sworn duty of the Jury to find for the Plaintiff, despite the fact that you may believe from the evidence that said Brasshear was not acting as the servant of said Gooch at the time."

The appellant did not know that Brasshear was liable to be drunk while driving the automobile and the fact that he knew he occasionally drank intoxicating liquor was insufficient to charge him with constructive knowledge of the fact that he was liable to be drunk while driving an automobile.

Reversed and remanded.