DIXIE DRIVE IT YOURSELF SYSTEM *v.* MATTHEWS.

Division B. Oct. 8, 1951.

No. 38033 (54 So. (2d) 263)

R. H. & J. H. Thompson, for appellant.

W. E. McIntyre, Jr., for appellee.

**Holmes, C.**

This appeal is by Dixie Drive It Yourself System Jackson Company, Inc., from a judgment of the Circuit Court of Rankin County for $1500, rendered in favor of the appellee, F. S. Matthews, Jr., and against the said company and J. A. Shivers. No appeal is prosecuted by the said J. A. Shivers.

Appellant is engaged in the business of renting automobiles to persons who drive the cars themselves. On September 15, 1949, J. A. Shivers applied to appellant to rent an automobile and was required, in accordance with appellant's system of operating such business, to produce his driver's license, to fill out and sign an application blank giving three references and furnishing information as to his competency and fitness to drive an automobile, and to sign a contract imposing upon the applicant certain obligations with respect to the use and return of the automobile. Shivers represented in the application blank that he had never had an automobile accident and had never driven an automobile while under the influence of liquor, and also obligated himself in the contract not to drive the automobile while under the influence of intoxicating liquor. Appellant investigated Shivers' references and found them satisfactory and

thereafter began to rent automobiles to him to drive himself. His fitness as a driver having thus been once approved by appellant, the applicant in renting a car thereafter was required to sign a trip ticket on which was stamped the date and speedometer reading when he got the car and when he returned it. Pursuant to this arrangement, Shivers rented cars from the appellant on fifty-six different occasions prior to renting the car here involved and returned them to appellant without any complaint being made as to his competency and fitness as a driver. On March 19, 1950, he again rented a car from appellant and it was checked out to him at 5:27 o'clock P. M. by Ernest D. Prince, the servant and employee of appellant who was on duty at the place of business of appellant and who was authorized by appellant to check cars in and out for customers. At about 10:20 o'clock P. M. on the same evening, while Shivers was driving the car west on Highway 80, he drove into the rear end of a car occupied and driven by the appellee, F. S. Matthews, Jr. Matthews was also headed west and had stopped his car at an intersection, and at the time of the collision, was standing still in the left lane of a four-lane highway, waiting for the intersection to clear before proceeding to turn left into a filling station. The impact of the collision was so great that Matthews' car was knocked seventy-six steps. His car was badly damaged and he sustained personal injuries. He sued Shivers and the appellant in the Circuit Court of Rankin County where the collision occurred, seeking to recover damages for his personal injuries and for property loss sustained by reason of the damage to his automobile. The jury awarded damages in the sum of $1500 and the judgment from which this appeal was prosecuted was accordingly entered. No issue is raised as to the amount of the verdict. The declaration is in three counts. It sought recovery against Shivers upon the ground that he recklessly, wantonly, and negligently ran his automobile into the rear of appellee's car. It sought recovery against

the appellant upon the ground that it was negligent in that when it rented the automobile to Shivers it knew, or should have known, that Shivers was a reckless and unsafe driver, or knew that Shivers was under the influence of intoxicating liquor, or knew or should have known that Shivers was a reckless and unsafe driver and habitually drove an automobile while under the influence of intoxicating liquor, and that such negligence of the appellant was the proximate cause of appellee's loss.

At the close of appellee's evidence in the court below, a motion by the appellant to exclude the evidence and direct a verdict in its favor was overruled and the appellant then introduced evidence in its behalf. At the close of all of the evidence, the court denied appellant's request for a general peremptory instruction but granted to it instructions which eliminated all of the claimed grounds of liability of appellant except the alleged ground that the appellant was negligent in that it knew or should have known that Shivers was under the influence of intoxicating liquor when it rented the car to him and was likely to drive the car on the public highways while under the influence of intoxicating liquor, resulting proximately in damage to another, and that such negligence was the proximate cause of appellee's loss. The issue as thus narrowed was submitted to the jury and decided by the jury adversely to appellant.

Appellant complains on this appeal that the trial court erred, (1) in overruling appellant's motion at the close of appellee's evidence to exclude the evidence and direct a verdict in its behalf, and (2) in overruling appellant's objection to the testimony of F. S. Matthews, Sr., to the effect that Ernest D. Prince, the servant and agent of the appellant in checking out cars to customers, told him on the night of the collision and shortly after it occurred that Shivers was bad about drink, and (3) in refusing to appellant its request for a general peremptory instruction at the close of all of the evidence, and (4) in

granting a certain instruction to the appellee and refusing to appellant certain requested instructions.

In answer to appellant's contention that the trial court erred in overruling appellant's motion at the close of appellee's evidence to exclude the evidence and direct a verdict for appellant, it need only be said that under the well settled decisions of this court, ██ ██ the introduction of evidence by appellant after the rejection of its motion constituted a waiver of any right of appellant to complain of the trial court's ruling. Ala. & V. Ry. Co. v. Kelly, 126 Miss. 276, 88 So. 707; Nebhan v. Mansour, 162 Miss. 418, 139 So. 166, 878; Aponaug Mfg. Co. v. Collins, 207 Miss. 460, 42 So. (2d) 431; State Farm Mutual Automobile Ins. Co. v. McKay, 209 Miss. 706, 48 So. (2d) 349.

██ ██ Appellant complains also of the action of the trial court in admitting over its objection the testimony of F. S. Matthews, Sr., to the effect that Prince, the servant and agent of appellant, told him over the telephone on the night of the collision and after it occurred that he knew Mr. Shivers and that he was a nice fellow but "bad to drink". The witness said that he had learned that the car which collided with his son's automobile belonged to one of the companies engaged in renting cars and that he telephoned appellant's place of business to inquire as to the ownership of the car and the driver of it and that Prince answered the phone and then it was that his conversation with Prince was had. Prince was the employee of the appellant who had checked out to Shivers the car involved in the collision and the record discloses that he was fully authorized as the servant and agent of appellant to check cars in and out for those renting cars from appellant. As the authorized agent of appellant, Prince's knowledge of Shiver's habits of drink was important under the facts of this case as bearing materially upon the question as to whether or not, when he checked the car out to Shivers, he should as a reasonably prudent man have reasonably foreseen that Shivers was

likely to drive the car on the public highways while under the influence of liquor, resulting proximately in injury to another. This testimony was, therefore, competent and relevant as bearing upon appellant's knowledge of Shivers' habits of drink at the very time the car was entrusted to him. In the case of Yazoo City v. Loggins, 145 Miss. 793, 110 So. 833, 835, this court held that • as tending to show that the city had actual knowledge of an excavation in a sidewalk at and before the time a pedestrian fell in it, the subsequent declaration of the street commissioner, the city's agent in charge of streets and sidewalks, that on the afternoon before the accident he saw the trench, was admissible. The court said:

"And this statement of the appellant's agent was admissible, not to establish the existence of the excavation, but as tending to show that the appellant had actual knowledge of its existence prior to and at the time of appellee's injury."

The court also quoted with approval the following:

" 'The existence or absence of knowledge may be shown by declarations of the person whose knowledge is of importance, even though such declarations were made a considerable time before or after the time involved in the inquiry, provided there is not such an element of remoteness as destroys materiality.' 22 C. J. par. 302 (9)."

We are of the opinion, therefore, that the testimony complained of was competent and that the trial court was correct in admitting it.

It is seriously argued by appellant that the trial court erred in refusing at the close of all of the evidence to grant it a peremptory instruction.

The issue before the jury, as narrowed by the court's instructions, was whether or not when appellant entrusted the car to Shivers the appellant knew or should have known in the exercise of reasonable care that Shivers was under the influence of liquor and was likely to drive the car on the public highways while under the influence

of intoxicating liquor, resulting proximately in injury to another or others.

This court is definitely committed to the principle that when the owner of an automobile entrusts it to one whom he knows, or in the exercise of ordinary care ought to know, is a careless and reckless driver, the owner becomes liable for an injury which results as a proximate consequence thereof. Anderson v. Daniel, 136 Miss. 456, 101 So. 498; Herrman v. Maley, 159 Miss. 538, 132 So. 541.

This court is likewise committed to the principle that an intoxicated driver is an incompetent driver, and when an owner commits his automobile to a driver whom he knows, or in the exercise of ordinary care ought to know, is intoxicated or likely to become intoxicated while driving on the public highways, the owner becomes responsible for an injury which proximately results therefrom. Slaughter v. Holsomback, 166 Miss. 643, 147 So. 318; Levy et al. v. McMullen, 169 Miss. 659, 152 So. 899; Richton Tire and Timber Company v. Smith, 210 Miss. 148, 48 So. (2d) 618.

Appellant, in support of its contention, relies upon the testimony in its behalf that its investigation of Shivers when he first made application to rent cars showed him to be a competent and fit driver; that over a period of approximately six months it had rented cars to Shivers on fifty-six different occasions and that he had never had an accident and that appellant had never received a complaint as to his competency and fitness as a driver; that appellant's employees testified that they had never checked a car out to Shivers when he appeared to them to be under the influence of liquor; and that appellant's employee, Prince, testified that when he checked the car out to Shivers on the occasion in question he smelled no liquor on his breath and did not appear to be under the influence of liquor.

It may be observed here that while an owner's past satisfactory experience with one to whom he has en-

trusted an automobile may be an important factor in some cases in determining the liability of the owner for injury resulting from the negligent operation of the car, the narrow issue presented in this case is whether or not at the time the appellant rented the car in question to Shivers, the appellant then knew or should have known that Shivers was under the influence of intoxicating liquor and was likely to drive the car on the public highways while under the influence of intoxicating liquor, resulting proximately in injury to another. On this narrow issue, the jury were privileged to accept, and no doubt did accept, as indicated by their verdict, the evidence favorable to appellee's contention, which was substantially as follows: That within a period of two hours before Shivers called for the car he had had two drinks of liquor, each measuring in size from an inch to an inch and a half in a cafe glass; that he felt the drinks and could tell he had had them; that when he took a drink it showed in his face and that people could tell by looking at his face that he had had a drink; that Prince, the servant and agent of appellant who checked the car out to him, had told him "lots of times" that he could tell when he, Shivers, had had a drink; that Prince and Shivers had been out together on one occasion and had taken a drink together; that Roy Ratliff, employed by appellant to check cars out to customers, had checked cars out to Shivers eight or ten times and had smelled liquor on his breath on two occasions; that James Ruff, also employed by appellant to check cars out to customers, had checked cars out to Shivers and had smelled liquor on his breath "lots of times", or some eight or ten times, and had been out with him several times when they drank liquor together, and that he knew Shivers to get drunk once; that Prince, who had checked the car out to Shivers on the occasion in question, told F. S. Matthews, Sr. that Shivers was "bad to drink"; that between the time Shivers got the car and the time of the collision, Shivers took two more drinks, taking one at the

49-Club before he started driving to where the accident occurred; that appellee saw in his rear view mirror the Shivers' car as it approached from the rear and that it was coming at a "terrific" speed and struck appellee's car in the rear with such force as to knock it seventy-six steps; that after the wreck, Shivers sat in his car and didn't take any interest in the wreck, and didn't move out of his car, and didn't seem to notice what was going on.

After a careful review of the testimony both for appellee and appellant, we are of the opinion that it presented an issue of fact for the jury to determine whether or not when appellant rented the car in question to Shivers the appellant knew or should have known in the exercise of reasonable care that Shivers was under the influence of liquor and likely to operate the car on the public highways while under the influence of liquor, and whether or not his operation of the car while under the influence of liquor was the proximate cause of the damage inflicted upon the appellee. The jury has decided this issue adversely to the appellant and we are of the opinion that in view of the evidence, we are not warranted in disturbing the jury's verdict.

Appellant relies strongly upon the case of Gooch v. Dillard, 187 Miss. 660, 193 So. 619, and argues that the same is controlling in its favor in this case. The facts in the case of Gooch v. Dillard, supra, however, are wholly different from the facts in the case at bar. In the case of Gooch v. Dillard, supra, the only information which the employer had when he committed the automobile to his employee was that the employee did not drink intoxicating liquor while at work but occasionally did while not at work and there was nothing in the information which the employer had which indicated that the employee was accustomed at any time to become intoxicated. The facts of the case of Gooch v. Dillard, supra, are easily distinguishable from the facts of the case at

bar, thus in our opinion, rendering the case of Gooch v. Dillard, supra, inapplicable.

The appellant also complains of the granting of one instruction to the appellee and the refusal of certain other instructions requested by appellant. We have carefully examined all of the given and refused instructions in the case and have reached the conclusion that the jury were properly instructed as to the applicable principles of law and that the action of the trial court in his ruling on instructions discloses no prejudicial error.

It follows from what has been said that the judgment of the court below should be and it is affirmed.

Affirmed.

PER CURIAM.

The above opinion is adopted as the opinion of the court and for the reasons therein indicated, the judgment of the court below is affirmed.