(80 South. 370)

BEVILLE v. TAYLOR. (1 Div. 33.)

(Supreme Court of Alabama. Nov. 28, 1918.)

1. MASTER AND SERVANT ⬥301(1)—AUTOMOBILE ACCIDENT — LIABILITY OF OWNER — NEGLIGENCE OF BORROWER.

Generally, owner of automobile is not liable for injuries caused by its negligent use in the hands of borrower.

2. MASTER AND SERVANT ⬥303 — INCOMPETENT DRIVER OF AUTOMOBILE.

Owner of automobile is not negligent in permitting another to use the automobile, unless he has knowledge or notice of the borrower's want of necessary skill.

3. EVIDENCE ⬥123(11)—RES GESTÆ.

In action against automobile owner for negligence of driver, evidence that driver, after the collision, came back to plaintiff and stated that he was working for owner, was hearsay and not admissible as part of res gestæ.

Appeal from Circuit Court, Mobile County; Claude A. Grayson, Judge.

Action by Edward Taylor against P. D. Beville. Judgment for plaintiff, and defendant appeals. Transferred from Court of Appeals under section 6, Acts 1911, p. 450. Reversed and remanded.

As amended, count A, which alone was submitted to the jury, charges that defendant negligently permitted an incompetent driver, to wit, Lee or Leo Dahlgreen, to operate the auto of defendant, and during such permissive use of such machine, and while in control thereof, the said driver negligently ran said machine into or upon the horses and wagon of plaintiff, while he was driving the same on a public highway in Mobile county, etc. Demurrers were overruled to the count, and there was judgment for plaintiff, and defendant appeals, assigning as error this action of the trial court and certain other rulings on evidence and instruction.

Webb, McAlpine & Grove, of Mobile, for appellant.

Thornton & Frazer and H. U. Feibelman, all of Mobile, for appellee.

SOMERVILLE, J. [1] The general rule is that the mere lender of an automobile is not liable to one who is injured by its negligent use in the hands of the borrower. 2 R. C. L. p. 1201, § 35.

In Parker v. Wilson, 179 Ala. 361, 371, 60 South. 150, 153, 43 L. R. A. (N. S.) 87, it was said by way of dictum that—

"In the case of a mere permissive use, the liability of the owner would rest, not alone upon the fact of ownership, but upon the combined negligence of the owner and the driver, negligence of the one in intrusting the machine to an incompetent driver, of the other in its operation."

This is unquestionably the law, and it has been so ruled in the recent case of Gardiner v. Solomon, 200 Ala. 115, 75 South. 621, L. R. A. 1917F, 380.

[2] But negligence of the owner in such a case must be predicated, not only upon the incompetence of the borrower to operate it safely, but upon the owner's previous knowledge or notice of his want of the necessary skill. Gardiner v. Solomon, supra. The owner's liability is here founded upon the same general principles as the liability of a master to an injured employé by reason of his employment of an incompetent fellow servant, where incompetence has produced the injury. In those cases it has been ruled that the burden is on the plaintiff to show the incompetence of the servant who injured him, and the master's knowledge thereof, and that such incompetence cannot be established by showing a single act of negligence. Owen v. A. G. S. R. R. Co., 181 Ala. 552, 61 South. 924.

These limitations are obviously applicable, a fortiori, to cases like the one at bar.

The bill of exceptions does not disclose any evidence tending to show that defendant knew or had notice that Dahlgreen was an incompetent chauffeur; nor, indeed, that he was incompetent.

On the contrary, it appears that he had often operated cars, without accident, so far as the record shows.

Nor can we discover any support for the charge that defendant "permitted" Dahlgreen to use this car. The most that can be said is that he failed to take precautions to prevent him from using it, which, of course, was no breach of duty to plaintiff.

These were the issues in the case, and the trial judge erred in refusing the general affirmative charge as requested by defendant.

[3] It was error to permit plaintiff to testify that just after the collision Dahlgreen came back to where he was and stated that he was working for Beville, the defendant, in the absence of any predicate laid for his impeachment thereby. Such a remark by Dahlgreen was no part of the res gestæ, but was hearsay merely, and inadmissible for any purpose.

Other rulings need not be now considered. Reversed and remanded.

ANDERSON, C. J., and GARDNER and THOMAS, JJ., concur.