184 So. 195

### CROTWELL et al. v. COWAN et al.

### 6 Div. 266.

Supreme Court of Alabama.

Oct. 27, 1938.

580

Ross, Bumgardner, Ross & Ross, of Bessemer, for appellants.

BROWN, Justice.

The appellee, Marie J. Cowan, was driving the Ford Automobile of her husband, Prude T. Cowan, on 28th Avenue of the Bessemer Coal Iron & Land Company's Addition to Bessemer, Alabama, when said Ford was run upon or against by the Buick Automobile of the appellant Daniel, driven by the appellant Crotwell.

In the collision the Ford was damaged and Mrs. Cowan received severe personal injuries.

Mrs. Cowan sued Daniel and Crotwell, claiming damages for her personal injuries, and Cowan, the husband, sued the same defendants, claiming damages for the loss of service and society of his wife, and property damages to his said Ford.

These cases were consolidated and tried as one, resulting in separate verdicts in favor of each plaintiff, and from the judgment on these verdicts this appeal is prosecuted. On the submission here, the appellants, by leave of the court, severed in their assignments of error.

Mrs. Cowan's case was submitted to the jury on counts one and four of her complaint, a special plea of recoupment by each of the defendants claiming damages for personal injuries, the general issue, and contributory negligence, pleaded in short by consent. The husband's case was submitted on counts one and two of his complaint, like special pleas of recoupment as in the other case, the general issue and contributory negligence pleaded in short by consent.

Count one in Mrs. Cowan's complaint ascribed her personal injuries to "the negligence of the defendants in operating their automobile on said occasion."

The fourth count avers that: "The defendant Mrs. Myrtle Crotwell, was then and there at the same time and place operating an automobile, which belonged to defendant Mrs. Daisy Daniel, who was the owner of the motor car or automobile

G. P. Benton, of Fairfield, and Edward H. Saunders, of Bessemer, for appellees.

which was being operated by Mrs. Myrtle Crotwell. The said Mrs. Myrtle Crotwell, on the day and date aforesaid, *was, and long had been a careless, indifferent, heedless, and reckless, and incompetent driver of such car,* so that said car, in her hands was a danger(ous) and deadly agency, of which facts defendant Mrs. Daisy Daniel had been duly informed; yet, with information of such facts, she allowed the said Mrs. Myrtle Crotwell to propel said car along the public highways of this State and County, at will, and intrusted its management and operation to her, and while on the day and date aforesaid, she was engaged in the running of said car along a public highway, to-wit: Near 28th Avenue and 18th Street, Bessemer, Alabama, and in broad daylight, the said Mrs. Myrtle Crotwell, so negligently, heedlessly, recklessly, wrongfully and indifferently conducted herself with respect to said car, that as a proximate result thereof she ran the same against the plaintiff's automobile, or the automobile in which plaintiff was riding * * *. And plaintiff avers that at the time of said injury, the said Mrs. Myrtle Crotwell, was using said car by defendant Mrs. Daisy Daniel's consent and acquiescence; *and she having* been informed or having had knowledge of her dangerous proclivities, in connection with the same as aforesaid." [Italics supplied.]

The husband's case was submitted to the jury on counts one and two of his complaint. Count one was similar to count one of Mrs. Cowan's case except as to the damages claimed. Count two ascribed the loss and damage to the negligent operation of the automobile "by the agent, servant or employee, of the *defendants.*" [Italics supplied.]

The evidence is without dispute that the automobile in which the defendants were riding on the occasion of the catastrophe was the property of the defendant Daniel, and was being driven by Mrs. Crotwell, and the evidence warranted the inference that Crotwell was, pro hac vice, the agent of Daniel.

█ Aside from a variance between the averments and proof, a point not presented on the record, the evidence was sufficient to warrant a submission of the case to the jury in Mrs. Cowan's case under count one of her complaint, and under both counts of the husband's case, and the issues of contributory negligence.

█ The evidence did not warrant a submission of the issues presented by count four as against the defendant Daniel. Her liability under said count was rested upon her negligence in intrusting the operation of the automobile to a careless, indifferent, reckless and incompetent driver of said car, combined with the negligence of said driver, proximately resulting in the plaintiff's injury. Rush v. McDonnell et al. 214 Ala. 47, 106 So. 175; Gardiner v. Solomon, 200 Ala. 115, 75 So. 621, L.R.A. 1917F, 380.

The only evidence offered to prove the averments of said count that Mrs. Crotwell was and long had been, prior to the date of the plaintiff's injury, a careless, indifferent, reckless, and *incompetent* driver, was the testimony of witnesses to the general effect that Mrs. Crotwell's residence was on a hill traversed by said 19th Street Road, which led into the City of Bessemer, and crossed 28th Avenue at the foot of the hill, some two or three hundred yards from said residence; that the undergrowth along the ditches on both sides of the road obstructed a clear view of the approaches of 28th Avenue. That on the date of the alleged injury, about that time and prior thereto, the defendant Crotwell was observed by the witnesses on occasions driving down said 19th Street Road, with the defendant Daniel in the car, going toward Bessemer at the rate, in their opinion, of from forty-five to sixty-five miles per hour, and on some of these occasions she slowed up at the intersection and at others did not.

There was an absence of evidence showing or tending to show that she was ever in an accident or collision prior to the alleged injury, or that she had ever been in any kind of trouble or controversy about her competency to drive, although she had been driving an automobile for many years. In fact, the evidence was without dispute that she had never had an accident, or been arrested or accosted by a traffic officer or other person in respect to driving or handling an automobile.

█ Incompetency, as related to the law of negligence, connotes "want of ability suitable to the task, either as regards natural qualities or experience, or deficiency of disposition to use one's abilities and experience properly. Incompetency connotes the converse of reliability. The term may include something more than physical and

mental attributes; it may include want of qualification generally, such as habitual carelessness, disposition, and temperament." 31 C.J. 404.

■ Negligence is not synonymous with incompetency. Alabama City, Gadsden & A. Ry. Co. v. Bessiere, 190 Ala. 59, 66 So. 805; Pace v. Louisville & Nashville Railroad Company, 166 Ala. 519, 52 So. 52; First National Bank of Montgomery v. Chandler, 144 Ala. 286, 39 So. 822, 113 Am. St.Rep. 39; Barclay v. Wetmore & Morse Granite Co., 92 Vt. 195, 102 A. 493; Baltimore & Ohio R. R. Co. v. Henthorne, 6 Cir., 73 F. 634.

The modern improved highway, and the efficacy in the modern automobile and its braking power, is an invitation to speedy travel, and whether or not a higher rate of speed is negligence is a question of fact, depending on the attending circumstances, and evidence going to show that the driver of an automobile operated the same at from forty to sixty-five miles per hour, may be a circumstance in connection with the attending circumstances and results, going to show negligence; but such driving on sporadic occasions at a particular place falls short of showing or tending to show incompetence, or habitual careless disposition and temperament on the part of the driver. Our judgment, therefore, is that charge A-15, was erroneously refused.

■ Refused charge 1 pretermits that Mrs. Cowan's negligence proximately contributed to her injury. The propositions of refused charges 4, 5, 7, 8, 9 and 52 were fully covered by given charges 3, 15, 18, 20, 49 and 53.

The proposition of refused charge 10 was fully covered by given charges 25, 26, 31 and 32.

■ Refused charge 14, if it had been given, would have been invasion of the province of the jury.

If charge 16 was not for other reasons properly refused, the proposition which it asserts was given in charge 15.

Refused charges 17, 22 and 23 were limited to the issues presented by counts 2 and 3 of Mrs. Cowan's complaint which was stricken by judgment on demurrer.

■ Refused charges 27 and 51, if given, would have misplaced the burden of proof on the issue of contributory negligence.

■ Charges 29, 30, 47, 48 and unnumbered charge, which we have designated as charge A, if not otherwise bad, were well refused because they pretermit the element of proximate contribution to the injury.

Charges in the class with refused charge 33 have been repeatedly condemned.

■ The basis of the doctrine of assumption of risk is contract relation between the parties, and is not pertinent to the case presented on the record; therefore, refused charges asserting this doctrine are malapropos.

The proposition of refused charges 34 and 35 was fully given in charge 49.

■ The affirmative charge, in its different forms, directing a verdict in favor of both defendants, and denying the right to recover on counts other than count 4, were properly refused.

■ The plaintiff, Mrs. Cowan, testified that when she reached the intersection she slackened her speed to fifteen miles per hour, and shifted into second gear, but there was conflicting evidence— her declaration, a part of the res gestæ, that as she approached the intersection she was singing and paying no attention to what she was doing. During the closing argument, plaintiff's attorney stated to the jury, "Mrs. Cowan's car was in second gear when it was pulled out of the ditch." There was no evidence to support this statement of fact, and the court erred in overruling the defendant's objection thereto, and in refusing the motion for new trial. Such fact, if true, strongly tended to corroborate the plaintiff's testimony, and influence the result on the issue of contributory negligence. Alabama Power Co. v. Goodwin, 210 Ala. 657, 99 So. 158.

■ The hurtful effect of the reference of plaintiff's counsel in closing argument to insurance, we are of opinion, was fully removed by the clear and positive statement of the court to the jury.

■ The other point in respect to "plaintiff arguing to the jury that a verdict for four thousand dollars won't hurt these two women who have wrecked her life," can not be sustained because the bill of exceptions merely shows an objection

584

without showing that such statement was made. White v. State, Ala.Sup., 181 So. 109.

■ The question put to the witness Brooks on cross-examination, "Just tell us what in your judgment would be a reasonable rate of speed for her to come off of that hill down into Lee's Junction and into Bessemer?" called for new matter not brought out on the direct examination, and elicited the opinion of the witness in respect to an inference of fact which was within the province of the jury. "The question asked for an opinion in respect to a matter which the jury, no matter how inexpert, understood as well as the witness, no matter how expert." Pace v. Louisville & Nashville Railroad Company, supra, 52 So. 55; Brandon v. Progress Distilling Company, 167 Ala. 365, 368, 52 So. 640.

■ The court erred in overruling defendant's objection to the question: "Well, whose name has she got her business in?" put to the witness Pearson, referring to the defendant Crotwell, and allowing the witness to state he was handling it for her directly or indirectly.

This was matter wholly outside the issues and its admission had a tendency to divert the minds of the jury from the issues in the case and prejudice the defendant.

■ The speed of an automobile necessary to climb the hill to the Crotwell home was wholly without the issues in the case, and the court erred in permitting the witness Hayes to testify in respect thereto.

■ Under the evidence in the case, whether or not the intersection at which the collision occurred was a blind crossing, was a mixed question of law and fact for ultimate jury decision under appropriate instructions from the court, and not the subject of opinion evidence. Gen.Acts 1927, pp. 366, 367, § 51(3) [Ala.Code 1928, § 1397 (53), subd. 3].

For the errors noted the judgment is reversed and the cause remanded for new trial as to both appellants.

Reversed and remanded.

ANDERSON, C. J., and THOMAS and KNIGHT, JJ., concur.