12 So.2d 740

**SPURLING v. FILLINGIM.**

**4 Div. 276.**

Supreme Court of Alabama.

March 18, 1943.

J. C. Walters, of Troy, for appellee.

Carnley & Carnley, of Elba, for appellant.

174

BROWN, Justice.

The motion to strike the bill of exceptions is rested on the sole ground that the appellant did not endorse on the original [bill of exceptions] a certificate to that effect—that is that he furnished to the adverse party or his attorney a copy thereof. Code 1940, Tit. 7, § 822.

The applicable provision in said section, inserted by the Code Committee, and appearing for the first time in the law, when the code was adopted is: "The party filing said bill [with the Clerk of the Court] must furnish to the adverse party, or his attorney, a copy thereof, and must endorse on the original a certificate to that effect over his signature." § 822, supra.

■ The purpose of this provision was to afford prima facie evidence, on the bill of exceptions, that the adverse party had been furnished with such copy, controvertable, of course, by countervailing evidence that such copy had not been so filed. The important and material fact is not the certificate itself, but that appellant's adversary had such copy furnished, or he has had otherwise full opportunity to pass upon the bill of exceptions and make objections thereto, if in his judgment the bill was not correct. The mere absence from the bill of exceptions of

such certificate is not sufficient grounds for striking the same, unless it is accompanied by a showing that the appellee was denied the right to examine and make objections to the bill. Clark v. Henderson, Ala.Sup., 12 So.2d 743.[1] No such showing is made. The motion to strike is, therefore, not well taken and will be denied.

The appeal is by the defendant Lawson Spurling from a judgment in favor of the plaintiff, an infant suing prochein ami, in an action of trespass on the case to recover damages for personal injuries received by the plaintiff in a collision between two automobiles on a public highway near Brundidge in Pike County, on December 24, 1939, in one of which the plaintiff was a passenger, the other being operated by the defendant Foy Spurling.

The complaint as originally filed January 9th, 1940, consists of a single count, claiming such damages against said Foy Spurling and C. E. Dorsey. Said count was rested on the doctrine respondeat superior and alleged that the damnifying act was negligently committed by said Foy Spurling as the agent or servant of said Dorsey, and while acting within the line and scope of his employment.

The complaint was amended on June 25th, 1941, more than eighteen months after the date of the alleged injury, "by making Lawson Spurling a party defendant thereto, and for Count 2 by striking the name of 'Dorsey' from Count One of the original complaint, and substituting the name of Lawson Spurling, and by adopting all other allegations of Count One."

Count 3 was attached to the foregoing and filed therewith.

The effect of the amendment was to leave in the complaint three counts, with Foy Spurling and Lawson Spurling as parties defendant.

Counts one and two as amended, ascribed the plaintiff's injury and damages to the negligence of Foy Spurling in the operation of the automobile as the agent or servant of Lawson Spurling, while acting within the scope of his employment. Count three ascribed the damnifying act to the negligence of Foy Spurling in the operation of said automobile, and as to Lawson Spurling avers, "That said automobile operated by Foy Spurling belonged to his father Lawson Spurling, and the said auto-

[1] Post, p. 237.

mobile was used, with the permission, expressed or implied, of said father and the said father *knew that his son, Foy Spurling was a wreckless* [reckless] *and negligent driver of an automobile, or by the exercise of reasonable diligence he could have ascertained that he was such driver,* and notwithstanding said knowledge, *or failing to exercise reasonable diligence,* he permitted the said son to use said automobile on the occasion aforesaid, and the plaintiff's damages were proximately caused by the concurrent negligence of the father, *as stated herein,* and the negligence of the said son, as stated herein," * * *. [Italics and brackets supplied.]

After demurrer filed by each of the defendants severally, to each of said counts, was overruled, the plaintiff again amended by striking count one. The demurrers were refiled and overruled, and the defendants pleaded separately the general issue, and the statute of limitation of one year. The defendant Lawson Spurling pleaded specially, to state the substance of the special plea, that he had nothing to do with the operation of the automobile on the occasion of plaintiff's injury, that said automobile was jointly owned by the defendants, that he did not give the said Foy Spurling permission to operate the same on said occasion, and knew nothing about its use by said Foy Spurling until after the alleged injury.

On motion of the plaintiff the pleas of the statute of limitations, filed separately by the defendants, were stricken, and they each reserved exceptions.

■ It does not appear from the record what disposition was made of Count 2 of the complaint, but it affirmatively appears that the case went to the jury on Count 3 only. There is no evidence showing the relation of master and servant existed between the defendants, an essential element of the case as presented by said Count 2. So we assume that it was either abandoned or withdrawn. This situation, if error intervened in the ruling on the question of misjoinder of counts, renders such ruling innocuous. Sovereign Camp, W. O. W. v. Carrell, 218 Ala. 613, 119 So. 640.

We, therefore, limit our consideration to the case as presented on Count 3, and the rulings of the court in respect thereto.

■ The first contention is that the amendment worked an entire change of the cause of action. This cannot be sustained as it clearly appears from · the averments of the several counts that they refer to the same subject-matter, towit, personal injury and damage to plaintiff in a collision between an automobile driven by the defendant Foy Spurling and an automobile in which the plaintiff was an occupant on December 24th, 1939, on the Bee-line Highway about 2¼ miles beyond Brundidge in Pike County, Alabama. Code 1940, Tit. 7, § 239; Gambill v. Fox Typewriter Co., 190 Ala. 36, 66 So. 655.

■ The limit to the right of amendment is, there must not be an entire change of the cause of action nor an entire change of parties. Birmingham Gas Co. v. Sanford et ux., 226 Ala. 129, 145 So. 485.

The amendment adding Count 3, however, does not relate back to the commencement of the suit as against Lawson Spurling who was not a party to the suit when filed in 1940. The pertinent provision of the statute (§ 239, Tit. 7, supra) is, "or by striking out or adding new counts or statements of the cause of action, which could have been included in the original complaint or plea, and *such amendment shall relate back to the commencement of the suit,* and it shall not be held that such new counts or statements of the cause of action relate to new or other causes of action, *so long as they refer to the same transaction, property and title and parties as the original,* * * *." [It. sup.]

■■ The averments of Count 3, heretofore quoted, seeking to charge the defendant Lawson Spurling with negligence, fall far short of bringing the case within the doctrine, that where the owner of an automobile intrusts its use and operation to a person so incompetent as to convert it into a dangerous instrumentality, and such incompetency is known to the owner, and the negligent use of such incompetent driver proximately results in injury to another, the owner is chargeable with negligence in permitting such use, and is liable in damage for such injury. Gardiner v. Solomon, 200 Ala. 115, 75 So. 621, L.R. A.1917F, 380; Crotwell et al. v. Cowan et al., 236 Ala. 578, 184 So. 195; Am.Juris. 696, § 395. Said count does not aver, as did the count in the Solomon case, supra [200 Ala. 115, 75 So. 622, L.R.A. 1917F, 380], that the defendant driving the car "was, and long had been, a careless, indifferent, heedless, and reckless driver of such car" and that his codefendant had knowledge of such incompetency. Rush

v. McDonnell et al., 214 Ala. 47, 106 So. 175.

"Incompetency, as related to the law of negligence, connotes 'want of ability suitable to the task, either as regards natural qualities or experience, or deficiency of disposition to use one's abilities and experience properly. Incompetency connotes the converse of reliability. The term may include something more than physical and mental attributes; it may include want of qualification generally, such as habitual carelessness, disposition, and temperament.' * * *." Crotwell v. Cowan, 236 Ala. 578, 582, 184 So. 195, 199, supra.

The grounds of demurrer sufficiently pointed out the defects, and the court erred in overruling the demurrers to said count.

 The appellant next insists that the court erred in striking the plea setting up as a bar the statute of limitations of one year filed by the defendant Lawson Spurling. The contention here is that the plaintiff, though an infant, having brought her action through her next friend within the year, the provision of § 8960, Code 1923, § 36, Code 1940, Tit. 7, is inefficacious to enlarge her right so as to subject said defendant Lawson Spurling to her suit after the expiration of the one year allowed by § 26, Tit. 7, Code 1940, for bringing actions "for any injury to the person or rights of another, not arising from contract, and not herein specifically enumerated."

The weight of authority concludes to the contrary, and to the effect that such right continues during the disability, and as applied to the action on the case for personal injury under our statute for *one year* after the disability ends, but not beyond the lapse of twenty years. Code 1940, Tit. 7, § 36; McLaughlin v. Beyer, 181 Ala. 427, 437, 61 So. 62; Snare & Triest Co. v. Friedman, 169 F. 1, 94 C.C.A. 369, 40 L.R.A.,N.S., 367; 34 Am.Juris. p. 158, § 197.

Under the doctrine above stated "the owner's liability in such case is based upon his own negligence in intrusting the automobile to such person,"—incompetent driver. 5 Am.Juris. p. 696, § 355.

 The evidence is without dispute that Foy Spurling was sui juris at the time of the alleged injury, that he was an automobile mechanic and there was evidence going to show that he was a part owner of the automobile that allegedly caused the injury to plaintiff. If he was such joint owner, it was not within the province of the defendant Lawson Spurling to prevent or deny the use of the car to his codefendant. In these circumstances the court erred in refusing the special charge requested by Lawson Spurling, that "Unless the jury and each of them is satisfied from the evidence that the injury received by the plaintiff was caused by the negligence of Lawson Spurling they cannot give a verdict against Lawson Spurling."

The other special charge [Record p. 13] refused to defendant is involved and was refused without error.

The objection to the question, "Well, do you know whether or not he was a wild and reckless driver of an automobile?" was general, and appears to have been made after the witness answered. The motion to exclude was, therefore, properly overruled. A party can not speculate on an answer of a witness and put the court in error for not excluding it.

The other assignments of error based upon rulings on evidence are so presented that they can not be reviewed, or are without merit.

If there was a ruling on the motion for a new trial it does not appear in the record proper nor in the bill of exceptions.

For the errors noted, the judgment against Lawson Spurling is reversed, and the cause is remanded.

Reversed and remanded.

GARDNER, C. J., and THOMAS and LIVINGSTON, JJ., concur.

