Matthias, J.
 

 The claim of the plaintiff against the defendant is based entirely upon the charge of negligence of the latter in placing its motor vehicle in the care, custody and control of an incompetent driver whose negligent operation of such vehicle on a public highway in this state caused damage to the plaintiff’s automobile.
 

 The relationship of employer and employee is therefore not necessarily involved, for the action does not rest upon- the doctrine of
 
 respondeat superior.
 
 Such relationship may in some cases have a bearing upon the issue of permission to operate a motor vehicle. The basis of the liability sought to be enforced is the neg
 
 *470
 
 ligent entrustment of a potentially dangerous instrumentality to an inexperienced or incompetent person. The doctrine of entrustment is stated in 4 Berry on Automobiles (7 Ed.), 710, Section 4.406, as follows:
 

 “Aside from the relation of master and servant, the owner of an automobile may be rendered liable for injuries inflicted by its operation by one whom he has permitted to drive the same on the ground that such person, by reason of his want of age or experience, or his physical or mental condition, or his known habit of recklessness, is incompetent to safely operate the machine. ’ ’
 

 Although when permission to operate a motor vehicle is granted, the purpose for which it is to be used, or the purpose for which it is in fact used, by the person to whom it is entrusted is not important or controlling in the determination of the issue of liability, we may well observe some of the facts relative thereto, which are uncontroverted in this case. The employee, Massey, at the time of the accident and consequent injury, was not acting for the defendant, nor was his use of the motor vehicle within the scope of his employment. Not only without the authority, but in apparent disregard of the instructions, of the defendant, Massey disengaged the tractor from the trailer and undertook to take his father from the home of the former in Hollidays Cove, West Virginia, to the home of the latter near Dillonville, Ohio. Both driver and passenger were intoxicated, and it was on this trip that the tractor crashed into the plaintiff’s automobile.
 

 It is now well settled that liability may arise where an owner entrusts his motor vehicle, with permission to operate the same, to a person so lacking in competency and skill as to convert the vehicle into a dangerous instrumentality. The general rule applicable in cases of this character is well stated in 4 Berry on Automobiles (7 Ed.), 711, Section 4.406, as follows:
 

 
 *471
 
 “An automobile is a machine that is capable of doing great damage if not carefully handled; and for this reason the owner must use care in allowing others to assume control over it. * * * If the person permitted to operate the car is known to be incompetent and incapable of properly running it * * * the owner will be held accountable for the damage done, because his negligence in entrusting the car to an incompetent person is deemed to be the proximate cause of the damage.”
 

 It is quite generally held that the liability in such cases arises from the combined negligence of the owner and the driver; of the former in entrusting the machine to an incompetent driver, and of the driver in its operation. The liability, therefore, does not arise out of the relationship of the parties, but out of the act of entrustment of the motor vehicle, with permission to operate the same, to one whose incompetency, inexperience or recklessness is known or should have been known by the owner.
 
 Elliott
 
 v.
 
 Harding,
 
 107 Ohio St., 501, 140 N. E., 338, 36 A. L. R., 1128;
 
 Wery
 
 v.
 
 Seff,
 
 136 Ohio St., 307, 25 N. E. (2d), 692. Mere delivery of a motor vehicle to another without permission to operate' it does not give rise to liability of the owner for the wrongful and negligent 'operation of such motor vehicle.
 

 The sole question presented to this court is whether, upon the motion made by counsel for the defendant at the close of all the evidence, a verdict in favor of the defendant should have been directed by the trial court, which calls for an examination of the record to ascertain whether evidence was adduced showing negligence on the part of the defendant in entrusting its motor vehicle to Massey, which constituted a proximate cause of the damage sustained by the plaintiff.
 

 Before taking up a full examination and discussion of the facts disclosed by the record, let us ascertain the measure of duty and the nature of responsibility
 
 *472
 
 of the owner relative to the entrnstment of his motor vehicle to another to operate. We have seen that the liability involved does not arise out of the relationship of the parties, whether of family, business or otherwise, but results from the act of entrustment of a motor vehicle to an incompetent or inexperienced operator. Negligence of the owner is the basis of the liability. The rule seems firmly established that a motor vehicle is not an inherently dangerous instrumentality, and therefore the owner is not generally liable for its negligent use by another to whom it is intrusted to be used, or when it is in fact used for the other’s purpose. Liability may arise, however, if such owner permits the operation of his motor vehicle by one whom he knows, or should have known, to be so incompetent, inexperienced or so reckless as to render the motor vehicle a dangerous instrumentality when operated by such person.
 

 The authorities are quite uniform to the effect that to give rise to-such liability it is essential that it be shown that the owner had knowledge of the driver’s incompetency or inexperience or his reckless tendency as an operator of a motor vehicle, or that such owner in the exercise of ordinary care should have known thereof from facts and circumstances with which he was acquainted. See 5 Rlashfield’s Cyclopedia of Automobile Law and Practice (Perm. Eel.), 63, Section 2927; 4 Berry on Automobiles (7 Ed.), 710
 
 et seq.; Guedon
 
 v.
 
 Rooney,
 
 160 Ore., 621, 87 P. (2d), 209, 120 A. L. R., 1298, and numerous cases there cited.
 

 In the cases involving the entrustment of a motor vehicle to an intoxicated driver, or one whose drinking propensities are known by the owner, it is generally held that the owner assumes the risk of recklessness of such driver, even though the driver was sober when the motor vehicle was placed in his possession, for the reason that the owner is put on notice of what is likely
 
 *473
 
 to occur if one addicted to drinking drives a motor vehicle.
 

 However, a less severe rule is applied in some cases.
 
 Fisher
 
 v.
 
 Fletcher,
 
 191 Ind., 529, 133 N. E., 834, 22 A. L. R., 1392.
 

 Where an owner had actual knowledge that his son’s license had been revoked for driving while intoxicated and had not been returned, liability for the son’s subsequent negligent operation resulting in damage to another was held to have been thereby assumed.
 
 Gordon
 
 v.
 
 Bedard,
 
 265 Mass., 408, 164 N. E., 374.
 

 Incompetence or recklessness of a motor vehicle operator may, of course, be shown by evidence of previous instances of negligent or reckless conduct in the operation of a motor vehicle.
 
 Clark
 
 v.
 
 Stewart,
 
 126 Ohio St., 263, 185 N. E., 71, and cases there cited. .
 

 Let us now return to a consideration of the facts presented in the record before us. The claim of counsel for the plaintiff, and the theory upon which it was presented in the trial court, was that the defendant company knew or should have known that Charles Massey was an incompetent driver because he was addicted to intoxicants, or because he did not have a license to drive in the state of Ohio. It must be borne in mind that the defendant company and Massey were residents of the state of West Yirginia, and it was in the office of the company in Follansbee, West Yirginia, that the contract of employment was made, and it was there, also, that the tractor-trailer was delivered to Massey and was to be kept at his home in Hollidays Cove and used by him in the service of the defendant company only as thereafter directed by thé company. Although the record does disclose that the defendant operated trucks in Ohio, Pennsylvania and Indiana, as well as in West Yirginia, it does not appear from the record that Massey, upon instruction of the defendant
 
 *474
 
 company or otherwise, had, prior to the time of the accident in question, operated any motor vehicle, belonging to the defendant company, in the .state of Ohio. The record, therefore, nowhere discloses that any occasion or necessity had arisen for Massey to have a license to operate a motor vehicle for the defendant company within the state of Ohio. Although the record shows an inquiry made of Massey by the defendant whether he had a driver’s license, and an affirmative answer was given, nowhere in the record does it appear whether the reference was to a license in Ohio, West Virginia or elsewhere.
 

 There is no evidence in the record that the managing officer of the defendant company, who employed Massey as a driver on April 9,1943, or anyone connected with the company, knew, at the time of Massey’s employment, or had any information, at any time prior to the accident involved herein, that Massey ever became intoxicated, that he drank intoxicating liquor at all, or that his driver’s license had theretofore been revoked anywhere or for any cause. The record shows, on the contrary, that the employing officer of the company ascertained that Massey had been a driver of trucks for a period of 8 or 9 years; and also shows that prior to employing him the manager .of the defendant company made inquiry of two former employers, one of whom commended Massey as a “very good driver and very good employee;” and the other reported that “he was average.” Although it appears no specific inquiry was .made as to intoxication, neither of his former employers, knowing the purpose of the inquiry, reported any incident of intoxication or other delinquency upon the part of Massey.
 

 To relieve itself from liability for the misconduct of Massey after delivery of the tractor-trailer to him, or after information of previous misconduct, the defendant would be required to prevent Massey’s sub
 
 *475
 
 sequent operation of its motor vehicle. However, the record discloses that during the two weeks of Massey’s employment by the defendant he had performed his duties “exceptionally well.” There is no evidence of any information from any source prior to the accident involved herein relative to Massey’s being under the influence of intoxicating liquor or that he drank intoxicating liquor, or any information indicating that he was for any reason an incompetent driver.
 

 It is our conclusion that the evidence disclosed by the record was not such as to warrant submission of the case to the jury, and that the motion for a directed verdict made at the close of all the evidence should have been sustained. The overruling thereof by the trial court was error which was not waived by subsequent acquiescence in the charge of the court by counsel for the defendant, nor by his failure to file a motion for judgment notwithstanding the verdict. It follows, therefore, that the judgment of the Court of Appeals should be and is hereby reversed and final judgment rendered for the appellant.
 

 Judgment reversed.
 

 Weygandt, C. J., Bell and Hart, JJ., concur.
 

 Zimmerman, Williams and Turner, JJ., dissent.