36 So.2d 323

## McGOWIN et al. v. HOWARD.

### 5 Div. 450.

Supreme Court of Alabama.

June 17, 1948.

Rehearing Denied July 31, 1948.

Ben F. Ray, of Birmingham, for appellants.

Omar L. Reynolds, Reynolds & Reynolds, and A. B. Foshee, all of Clanton, for appellee.

lard to operate one of its trucks in and about the operation of its sawmill, and for his own pleasure and entertainment, well knowing that he was a careless, indifferent, heedless and reckless driver of it, and that in his hands it was a dangerous and deadly agency, and while intoxicated was driving said truck along a public highway in a wild and reckless manner and negligently ran said truck over and against plaintiff's intestate, from which he died. McGowin et al. v. Howard, 246 Ala. 553, 21 So.2d 683. The sufficiency of the complaint was not considered in the discussion by the court. But it developed on the trial, as on this trial, that defendant had entrusted the truck to Bullard for a specific purpose, with instructions to park the car over the week end at his home, but on this occasion in violation of his instructions at a week end, he drove the truck for his own pleasure while intoxicated causing the tragedy.

This Court held that the evidence did not prove the allegation that Bullard had the truck entrusted to him to use not only for the business of defendant but also for his own personal pleasure and entertainment. We held that the evidence did not show knowledge on the part of defendant that Bullard had been using the truck after hours of service for his own pleasure and entertainment.

On remandment, the case was tried on counts 6, 7 and 8. Counts 6 and 7 are for present purposes, and in a legal sense, not unlike. They allege in effect that defendant negligently entrusted the use and operation of the truck to Bullard knowing that he was a careless, indifferent, heedless, incompetent and reckless driver (count 6; and in count 7 that he was an incompetent driver), so that in his hands it was a deadly and dangerous agency which was well known to defendant; and that while in such use of the truck and while intoxicated he was driving the truck along a certain highway, and negligently ran over and killed plaintiff's intestate. We have only paraphrased a portion of the count to develop the question involved. Those counts do not allege that he was authorized to use the truck at week ends for his entertainment and pleasure. But

FOSTER, Justice.

When this case was here on former appeal, it had been tried on one count which alleged that defendant had employed Bul-

it would be consistent with them to find that he was in fact so using it, as was shown by the evidence. The demurrer raises the point that these counts do not show that Bullard was using the truck with the permission of defendant when the tragedy occurred. The demurrer was overruled, but the ruling is not assigned as error. But the court also refused the affirmative charge as to counts 6 and 7. One theory on which they were requested is that the evidence shows that the operation of the truck at the time of the accident was beyond the scope of the owner's consent. That contention raises a legal question which has not been heretofore treated by this Court.

█ There is abundance of authority to the general effect that if an owner of an automobile entrusts its operation to one known to him to be an incompetent, reckless or careless driver, the owner will be liable to one injured by the combined negligence of the owner and the operator. Parker v. Wilson, 179 Ala. 361, 60 So. 150, 43 L.R.A.,N.S., 87; Gardiner v. Solomon, 200 Ala. 115, 75 So. 621, L.R.A.1917F, 380; Beville v. Taylor, 202 Ala. 305, 80 So. 370; Rush v. McDonnell, 214 Ala. 47, 106 So. 175; Crotwell v. Cowan, 236 Ala. 578, 184 So. 195; Spurling v. Fillingim, 244 Ala. 172, 12 So.2d 740; Annotations 100 A.L.R. 923; 163 A.L.R. 1419, 168 A.L.R. 1366; Saunders v. Prue, 235 Mo.App. 1245, 151 S.W.2d 478; Ward v. Koors, Ohio App., 33 N.E.2d 669; Brady v. B. & B. Ice Co., 242 Ky. 138, 45 S.W.2d 1051; Nicholson Const. Co. v. Lane, 177 Tenn. 440, 150 S.W.2d 1069; Levy v. McMullen, 169 Miss. 659, 152 So. 899; 4 Berry on Automobiles (7th ed.) 711, section 4406; 6 Am.Jur. 397, section 314.

In some states statutes have controlling effect.' See, annotations 159 A.L.R. 1314. And there is no trouble with the principle when the operator of the vehicle is acting within the scope of the owner's consent.

We do not have many cases in which it appears that the operator is acting outside the owner's consent.

In the case of Krausnick v. Haegg Roofing Co., 236 Iowa 985, 20 N.W.2d 432, 163 A.L.R. 1413, reference was made to a stat-ute which did not cover the situation, and it was held on common law principles that the owner was liable if his negligence in entrusting the operation of such a vehicle to a known incompetent driver proximately caused the accident which directly resulted from the negligence of such driver, though at the time of the injury he was beyond the scope of the owner's consent. It was pointed out in that case that in Michigan that principle is not accepted on account of a material difference in its statute on that subject. The Michigan cases are annotated beginning on page 1422 of 163 A.L.R. It also appears from that annotation that New York has not passed on the effect of its legal status in that respect (1424). A later annotation in 168 A.L.R. 1366, states the rule to apply though the operator is without the scope of the owner's consent. Many cases are cited, but we do not find any of them on the specific question relating to the scope of consent.

But after all, as said in the case from Iowa (Haegg Roofing Co.) supra, the negligence of the owner in entrusting the vehicle to an incompetent or reckless driver must have been a proximate cause of an injury occurring by its use beyond the scope of the owner's consent.

█ We think that question would be influenced by the inquiry of whether the circumstances were such as to justify an inference that the owner should have anticipated that the incompetent or reckless operator, to whom it was entrusted, would likely use it beyond the scope of the owner's consent. If so, the owner should not have entrusted it to him or should have withdrawn its possession from him as the case may be, if practicable, so as to prevent such a use of it by an incompetent and reckless driver. His permissive use with such knowledge can be found by the jury to be a proximate contributing cause of an injury directly resulting from the incompetence or recklessness of the operator, though he was driving beyond the scope of the owner's consent. Levy v. McMullen, 169 Miss. 659, 152 So. 899; Nicholson Const. Co. v. Lane, 177 Tenn. 440, 150 S.W.2d 1069.

As we have said, in count 6 incompetency is connected conjunctively with careless-

ness, indifference, heedlessness and reck-lessness. In count 7 it is simply incompe-tency. So that to satisfy count 6, Bullard must have been a careless, indifferent, heedless and reckless driver as well as also an incompetent driver. His incompe-tency is therefore an essential of both counts. That is defined in Crotwell v. Cowan, supra, as follows [236 Ala. 578, 184 So. 199]: "Incompetency, as related to the law of negligence, connotes 'want of ability suitable to the task, either as regards natural qualities or experience, or deficiency of disposition to use one's abili-ties and experience properly. Incompe-tency connotes the converse of reliability. The term may include something more than physical and mental attributes; it may include want of qualification generally, such as habitual carelessness, disposition, and temperament.' 31 C.J. 404."

And it is said in Slaughter v. Holsomback, 166 Miss. 643, 147 So. 318, that one who is an habitual drunkard is an incompetent driver. And in Rush v. Mc-Donnell, supra, quoting from 18 R.C.L. 926, that incompetency goes to reliability in all that is essential to make up a rea-sonably safe person. Evidence of previous acts of negligent or reckless conduct in the operation of motor vehicles is admis-sible on the issue of incompetence or reck-lessness. First National Bank v. Chandler, 144 Ala. 286, 39 So. 822, 113 Am.St.Rep. 39; Williamson v. Eclipse Motor Lines, 145 Ohio St. 467, 62 N.E.2d 339, 168 A.L.R. 1356; Clark v. Stewart, 126 Ohio St. 263, 185 N.E. 71.

The general reputation of Bullard for being a wild and reckless driver was admissible not to show that he was such a driver, but to prove notice to defendant that such was a fact, if the fact was other-wise established. Cook v. Parham, 24 Ala. 21.

Negligence is not synonymous with incompetency. The most competent may be negligent. Alabama City, G. & A. Ry. Co. v. Bessiere, 190 Ala. 59, 66 So. 805; Mc-Gowin v. Howard, 246 Ala. 553, 21 So.2d 683. But one who is habitually negligent may on that account be incompetent. Crot-well v. Cowan, supra.

There was evidence that upon numerous occasions Bullard was negligent and reck-less, and often drove the truck while under the influence of liquor, and had a reputa-tion for being a wild and reckless driver, and that defendant had notice of such recklessness and of his driving while under the influence of liquor.

The evidence was sufficient to carry the question to the jury on the sixth and seventh counts in the light of the principles of law we have discussed.

Count 8 of the complaint alleged in effect that defendant let the truck to Bullard to operate upon the public highways of Chilton County or the streets of Verbena, knowing at the time that said Bullard was in an intoxicated condition. Its legal suf-ficiency is not presented on this appeal. Under its terms it is necessary to prove that on the occasion when the accident occurred, defendant had let Bullard have the truck to operate on the highways in Chilton County or on the streets of Ver-bena, and that Bullard was at that time in an intoxicated condition, and defend-ant knew it.

Plaintiff's evidence tended to show that prior to the day of the accident, Bullard was often seen driving the truck and hauling logs in defendant's employ and also when off duty while under the in-fluence of intoxicating liquor, and that it had been reported to each of the defend-ants.

Plaintiff's evidence also tended to show that on the day of the accident when plain-tiff's intestate was killed, Saturday, May 1, 1943, Bullard was under the influence of liquor at Verbena about 1:30 p.m. at Williams' store, talking with defendant Garrett about carrying defendant's em-ployees home from defendant's mill as he was accustomed to do. When defendant left with the truck and mill hands he was drunk, but his son drove, with Bullard on the truck with the mill hands. It was after this trip, and a return to Verbena, that Bullard drove the truck off from Verbena and caused the accident while he was drunk and driving recklessly, at about 5 o'clock that afternoon. If the jury be-lieved certain phases of the evidence, they could infer that defendant Garrett must

have noticed the fact of his drinking when the truck went off with the mill hands to carry them home as a part of his duty to defendant, though he did not then drive the truck. Defendant gave Bullard no express authority to use the truck after carrying the hands home and returning to Verbena, but the jury could find that they had notice that he was in the habit of using it for his own purposes after he had rendered that service, and there is no evidence that they made protest to him for doing so. The jury could find that defendant had notice that Bullard was drinking or intoxicated before leaving with the hands to go to their home, and that he did not caution Bullard about not using the truck after he returned from the trip, or against using it at all while under the influence of liquor, and they could find that he should have anticipated such a use by him knowing that he was intoxicated, and often used the truck while in that condition after his duties had ended for the day, and that the accident occurred as a proximate result of Bullard driving the truck while intoxicated and in a reckless manner.

We think the affirmative charge was not due defendant as to count 8.

What we have said we think sufficiently disposes of appellant's contentions.

Affirmed.

GARDNER, C. J., and LAWSON and STAKELY, JJ., concur.