51 So.2d 513

SALVATION ARMY v. SECURITY ROOFING CO., Inc.

I Div. 432.

Supreme Court of Alabama.

March 22, 1951.

350

Inge, Twitty, Armbrecht & Jackson, of Mobile, for appellee.

SIMPSON, Justice.

Appellant sued appellee for damages to its Plymouth station wagon caused by a collision with one of defendant's trucks, which was being operated at the time by one Mabien, an employee of defendant. The trial was before the court without a jury. The court rendered a judgment for the defendant and the plaintiff has appealed.

Holberg, Tully & Aldridge, of Mobile, for appellant.

The principal argument for reversal is that the great weight of the evidence sustained the plaintiff's complaint (Count 3) and was against the conclusion of the trial court. On a studious consideration, we have concluded that the judgment below is due to be affirmed because the evi-

dence did not satisfactorily sustain the allegations of either of the three counts of the complaint.

Counts 1 and 2 proceeded on the theory of *respondeat superior,* that is, that the driver (Mabien) of the truck was the agent of the defendant acting within the line and scope of his employment, when he drove the truck into the rear of plaintiff's vehicle. There is an entire lack of evidence to sustain either of these counts and it is not otherwise contended here. So we lay them out of view and will confine discussion to Count 3, as appellant has done in brief of counsel.

Count 3 alleges: "Plaintiff claims of the defendant the sum of Three Thousand and No/100 ($3,000.00) Dollars, damages for that heretofore and on, to-wit, the 7th day of August, 1949, the defendant did own and possess a Chevrolet truck which *it did then lend to one Eddie J. Mabien,* an agent, servant or employee of the defendant, *and did then negligently permit and allow the said Eddie J. Mabien to take and drive the same for his own personal pleasure, and business,* and plaintiff avers that the said Eddie J. Mabien was wholly incompetent and unfit to drive said truck, as was then well known to the said defendant, the said Eddie J. Mabien being then and there under the influence of intoxicating liquors that on said day and on said occasion the said Eddie J. Mabien being so possessed of said truck and in sole control of its operation did so carelessly, negligently and improperly operate said truck at a point on the East side of Louiselle Street, at the location known and described as No. 176 Louiselle Street, the same being a public highway in the City and County of Mobile, State of Alabama, that he caused defendant's said truck to collide with, run into, against or over the plaintiff's Plymouth station wagon," etc.

We have italicized the pertinent parts of the count to illustrate the propriety of the lower court's ruling in rendering judgment. There was a total absence of evidence that the defendant "did then lend" Mabien the truck "and did then negligently permit and allow the said Eddie J. Mabien to take and drive the same for his own personal pleasure, and business," and while so possessed of said truck under said circumstances Mabien ran into the station wagon of the plaintiff. There was no proof that the defendant did lend Mabien the truck and did permit and allow him to take and drive it for his own personal pleasure and business when he took the journey to the place where the accident occurred. To recover under Count 3 it was necessary to prove this. The case of McGowin v. Howard, 251 Ala. 204, 208, 36 So.2d 323, 325, is ample authority, where the court was dealing with Count 8 of the complaint in that case. The court said: "Count 8 of the complaint alleged in effect that defendant *let the truck to Bullard to operate upon the public highways of Chilton County or the streets of Verbena,* knowing at the time that said Bullard was in an intoxicated condition. Its legal sufficiency is not presented on this appeal. *Under its terms it is necessary to prove that on the occasion when the accident occurred, defendant had let Bullard have the truck to operate on the highways in Chilton County or on the streets of Verbena, and that Bullard was at that time in an intoxicated condition, and defendant knew it."* (Emphasis supplied.)

Contrary to the allegations of Count 3, the evidence is undisputed that though defendant, through its president, Mr. Reynolds, on this Sunday had previously lent Mabien the truck for his personal use, Mabien had returned the vehicle to Mr. Reynolds' home and when Mr. Reynolds detected the odor of whisky on Mabien's breath, he instructed Mabien to take the truck and put it in his (Reynolds') garage adjacent to his home, about seventy-five feet distant from where the truck was parked. Contrary to these instructions, Mabien thereafter departed in the truck to attend to some more of his personal business, when in the course of this journey he ran into the rear of the vehicle of plaintiff. It hence clearly appears the allegations of the count were not proven and we

therefore cannot put the trial court in error in rendering judgment for the defendant.

The law under which the plaintiff sought to rest recovery is well understood. In the case of mere permissive use, the liability of the owner would rest upon the combined negligence of the owner and the driver, negligence of the owner in entrusting the vehicle to an incompetent driver and of the driver in its operation. Gardiner v. Solomon, 200 Ala. 115, 75 So. 621, L.R.A.1917F, 380; Beville v. Taylor, 202 Ala. 305, 80 So. 370.

■ And if the owner of an automobile entrusts its use and operation to a driver so incompetent as to convert it into a dangerous instrumentality, such incompetence being known to the owner, and the negligent use of such incompetent driver proximately results in injury to another, the owner is chargeable with negligence in permitting such use. Spurling v. Fillingim, 244 Ala. 172, 12 So.2d 740; Cf. Buchanan Contracting Co. v. Denson, 254 Ala. 55, 47 So.2d 171; McGowin v. Howard, 251 Ala. 204, 36 So.2d 323.

■ From this general doctrine the principle has been deduced that one who entrusts a motor vehicle to a person who is intoxicated, under circumstances charging him with knowledge of that condition, as a matter of reasonable prudence and experience, may be held liable for damages proximately resulting. Cases cited, supra; Annotation, 50 A.L.R. 1450, 68 A.L.R. 1014, 168 A.L.R. 1364; Williamson v. Eclipse Motor Lines, Inc., 145 Ohio St. 467, 62 N.E.2d 339, 168 A.L.R. 1356; Baader v. Driverless Cars, 10 La.App. 310, 120 So. 515; Slaughter v. Holsomback, 166 Miss. 643, 147 So. 318; Crowell v. Duncan, 145 Va. 489, 134 S.E. 576, 50 A.L.R. 1425.

But this principle does not absolve the plaintiff from the duty of sustaining the allegations of his complaint by adequate proof which, as above noticed, it failed to do.

■ This is conclusive of the appeal; but it might also be observed that there were several disputed issues of fact which it was within the province of the trial court, sitting as a jury, to decide, such as whether or not at the time of the accident Mabien was using the truck with the permission of defendant (if, indeed, as pointed out above, the undisputed evidence was not to the contrary); the negligence vel non of defendant in delivering the car to Mabien; whether or not Mabien's incompetence was the result of his drinking and this superinduced the negligence which caused the injury; whether or not the defendant was guilty of any negligence in combination with Mabien's which proximately caused the accident or whether or not the sole proximate cause was the negligence of Mabien. Cf. Gardiner v. Solomon, supra; Paschall v. Sharp, 215 Ala. 304, 110 So. 387; Crotwell v. Cowan, 236 Ala. 578, 184 So. 195; Spurling v. Fillingim, supra; McGowin v. Howard, 246 Ala. 553, 21 So.2d 683. Of course, in this kind of a case, as is well understood, the court's judgment on the facts given by witnesses ore tenus before him in open court has the force and effect of a verdict of the jury and will not be overturned unless against the great weight of the evidence or clearly wrong. Hampton v. Stewart, 240 Ala. 2, 194 So. 509; Forest Hill Corp. v. Latter & Blum, 249 Ala. 23, 29 So.2d 298. Had this been a jury case and the jury had rendered a verdict for defendant, we are not convinced that we would on review here have reversed the trial court in refusing a new trial because against the great weight of the evidence or palpably wrong. So considered, the judgment of the trial court on this theory would be due to be affirmed.

■ A reversal is also sought to be rested on the rejection by the trial court of evidence going to show the extent of the injury and damage suffered by the plaintiff in the loss of the use of its station wagon. The defendant by the judgment was absolved from liability, so error, if any, cannot be made the predicate for a reversal by such ruling. Reed v. L. Hammel Dry Goods Co., 215 Ala. 494, 111 So.

237(6); Brothers v. Norris, 209 Ala. 426, 96 So. 328(6); Wilson Bros. v. Mobile & O. R. Co., 208 Ala. 581(5), 94 So. 721.

Affirmed.

LIVINGSTON, C. J., and BROWN and STAKELY, JJ., concur.