Robert L. MUSGROVE, Appellant,

v.

J. D. HEDIN CO., a Corporation, and Joseph Howard, Appellees.

No. 1640.

Municipal Court of Appeals for the District of Columbia.

Argued June 27, 1955.

Decided July 25, 1955.

Charles B. Sullivan, Jr., Washington, D. C., for appellant.

William J. Donnelly, Jr., Washington, D. C., with whom Richard W. Galiher, William E. Stewart, Jr., and Julian H. Reis, Washington, D. C., were on the brief, for appellees.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

HOOD, Associate Judge.

Plaintiff Musgrove and his insurance carrier sued for damages to his automobile which was struck by a truck owned by defendant and operated by its employee. Defendant did not contest the issue of the driver's negligence, but relied on the defense of unauthorized use of the truck outside of the scope of the driver's employment. In denying plaintiffs a recovery the trial court found that the use of the truck was unauthorized and without express or implied permission.

On this appeal plaintiffs do not contend that the above stated finding was erroneous, but pitch their claim to recovery on the ground that the truck driver had no motor vehicle operator's permit and, as original possession of the truck was with defendant's consent, contend that defendant is liable because it entrusted its truck to an incompetent driver. At trial plaintiffs proved that at the time of the accident the truck driver had no operator's permit and in their brief they say they were prepared to prove, but not permitted to do so, that the driver's District of Columbia operator's permit had been revoked more than fifteen months prior to the accident, and that the cause of revocation was drunken driving in the State of Maryland.

With respect to the driver's permit defendant offered evidence that the driver had been in its employ for about five years and had been driving one of its trucks for

approximately two years, that he was a good, dependable and sober workman, and that when he began to work as a truck driver he was required to exhibit an operator's permit, and there was no occasion thereafter to ask to see his permit.

 It is generally held that an owner who entrusts his motor vehicle to another whom he knows, or in exercise of reasonable care should have known, to be an incompetent or careless driver, is liable for such person's negligence. 5 Am.Jur., Automobiles, § 355; 60 C.J.S., Motor Vehicles, § 431. Furthermore, the traffic and motor vehicle regulations for the District of Columbia, § 157(m), provide: "No owner of, operator of, or other person having custody of a motor vehicle in the District of Columbia shall allow or permit the same to be operated by any individual who is not a duly licensed operator."

For present purposes we assume, but do not decide, that one who knowingly violates this ordinance by entrusting his motor vehicle to an unlicensed but otherwise qualified driver, would be responsible for the latter's negligence under the doctrine of Ross v. Hartman, 78 U.S.App.D.C. 217, 139 F.2d 14, 158 A.L.R. 1370, certiorari denied 321 U.S. 790, 64 S.Ct. 790, 88 L.Ed. 1080. It would at least be some evidence that the one to whom the vehicle was entrusted was an incompetent driver. Boland v. Love, D.C.Cir., 222 F.2d 27.

In the present case there was no showing that defendant knowingly entrusted its truck to an incompetent driver. Before defendant employed him as a driver he had in other employment of defendant proved himself a dependable, trustworthy, and sober workman. Before being allowed to drive the truck he was required to exhibit his operator's permit and he had driven thereafter without incident prior to the accident. Nothing had occurred to put defendant on notice to inquire further about his permit.

Plaintiffs argue that, although defendant had no actual knowledge of the revocation of the driver's permit, it could have easily ascertained that fact from public records, and that such records are constructive notice to all persons affected thereby. In a case such as this, where the employee has exhibited a driver's permit and over a period of time has proved to be a competent and trustworthy employee, and in the total absence of circumstances which would put the employer on notice to make further inquiry, we cannot hold that the employer was bound by constructive notice or knowledge of the employee's permit revocation. Williamson v. Eclipse Motor Lines, 145 Ohio St. 467, 62 N.E.2d 339, 168 A.L.R. 1356, and annotation following.

Affirmed.