122 So.2d 277

**James Ray TAYLOR**

v.

**James S. THOMPSON.**

6 Div. 461.

Supreme Court of Alabama.

June 30, 1960.

Chas. E. Sharp and Sadler, Sadler, Sullivan & Herring, Birmingham, for appellant.

London, Yancey, Clark & Allen, Birmingham, for appellee.

MERRILL, Justice.

Appellant, plaintiff below, sued appellee for $50,000 for bodily injuries received by him while driving his automobile on First Avenue North, at or near an intersection with Division Avenue in Birmingham.

Count 1 alleged simple negligence and Count 2 alleged wanton misconduct. Demurrer being overruled, appellee entered a plea in short by consent.

Upon conclusion of the testimony, the court gave the affirmative charge as to the wanton count. The case was submitted to the jury on Count 1 and verdict was for the defendant. Motion for a new trial was denied.

The main insistence is that the court erred in withdrawing the wanton count from the jury.

Plaintiff and defendant were traveling west on First Avenue North in the Roebuck section of Birmingham, about 2:00 o'clock on a Saturday afternoon. At that point, First Avenue is a four lane highway, the middle lanes being separated by a grass division. Plaintiff was in the right .or north lane, defendant was in the left or south lane, some distance back east of plaintiff's car. Plaintiff switched from the north lane to the south lane in order to make a left turn into Division Avenue. Plaintiff testified that there were three automobiles in the south lane to his rear as he prepared to switch lanes. The lead car passed him on his left, the middle car passed him on his right, and when he had stopped in the left lane at the intersection, defendant's car hit plaintiff's car in the rear and knocked it some ten to twenty feet.

The defendant testified that he had seen plaintiff's car in the north lane some quarter of a mile back toward Gadsden, and the next time he saw it was when the car immediately in front of him swerved to the right and plaintiff's car was immediately in front of him. Defendant was following about a car's length behind the car which swerved to the right; he was going about forty miles per hour; he put on his brakes, one skid mark measuring sixty-three feet, the other thirty feet, and the front of his car hit the rear of plaintiff's car. The street was dry. Defendant, who lived in Gadsden, had traveled First Avenue North "quite a few times" to visit relatives in Birmingham. There was a thirty mile per hour speed limit sign somewhere in the vicinity but its precise location is not definite from the record. It was undisputed that appellee's car was in fair mechanical condition and that appellee did not see appellant switch lanes and did not know that appellant's car was in the left lane or had stopped until the car immediately in front swerved around appellant's car.

We have defined wantonness as follows in Griffin Lumber Co. v. Harper, 247 Ala. 616, 25 So.2d 505, 506:

"Wantonness is the conscious doing of some act or omission of some duty under knowledge of existing conditions and conscious that from the doing of

such act or omission of such duty injury will likely or probably result. Before a party can be said to be guilty of wanton conduct it must be shown that with reckless indifference to the consequences he consciously and intentionally did some wrongful act or omitted some known duty which produced the injury. Duke v. Gaines, 224 Ala. 519, 140 So. 600; First National Bank of Dothan v. Sanders, 227 Ala. 313, 149 So. 848."

A similar definition appears in Simon v. Goodman, 244 Ala. 422, 13 So.2d 679[1].

■ In our opinion, a case of simple negligence was made by the testimony, and this issue was properly submitted to the jury. It is also our opinion that the evidence did not support an inference of wanton conduct, that is, that appellee, with reckless indifference to the consequences, consciously and intentionally did some wrongful act or omitted some duty which produced injury to appellant and to his vehicle. These essential elements of wantonness were left to conjecture. Zemczonek v. McElroy, 264 Ala. 258, 86 So.2d 824; Dean v. Adams, 249 Ala. 319, 30 So. 2d 903; Griffin Lumber Co. v. Harper, 247 Ala. 616, 25 So.2d 505; Smith v. Roland, 243 Ala. 400, 10 So.2d 367; Mi-Lady Cleaners v. McDaniel, 235 Ala. 469, 179 So. 908, 116 A.L.R. 639. See Kingry v. McCardle, 266 Ala. 533, 98 So.2d 44.

■ Assignment of error 8 charges that the court erred in charging the jury that they could find that the plaintiff was injured as a result of an unavoidable accident. We have held that neither the giving or refusal of "unavoidable accident" or "mere accident" charges constituted reversible error, but the better practice is to refuse them. Tyler v. Drennen, 255 Ala. 377, 51 So.2d 516(19); Socier v. Woodard, 264 Ala. 514, 88 So.2d 783.

Assignment of error 12 charges error in the failure of the court to grant the motion for a new trial on the ground that the verdict was contrary to the great weight and preponderance of the evidence.

■ Verdicts are presumed to be correct and no ground of new trial is more carefully scrutinized or more rigidly limited than that the verdict is against the weight of the evidence. It is recognized by this court that when the presiding judge refuses, as here, to grant a new trial, the presumption in favor of the correctness of the verdict is strengthened. After allowing all reasonable presumptions in favor of the correctness of the verdict, we cannot say that the preponderance of the evidence against the verdict is so decided as to clearly convince the court that it is wrong and unjust. We hold, therefore, that the trial court did not err in overruling those grounds of the motion for new trial taking the point that the verdict was contrary to the great weight of the evidence. Mobile City Lines v. Hardy, 264 Ala. 247, 86 So.2d 393; McGehee v. Frost, 268 Ala. 23, 104 So.2d 905.

Assignments 14 and 16 charge error in the refusal of the court to allow plaintiff to state the amount of his medical bill from one of his doctors, and the failure to allow plaintiff to state that a back brace cost $42.

Appellant offered to connect this testimony up by later recalling a doctor to the stand to show the reasonableness of the bills, and the court postponed the admission of this evidence until the doctor was recalled, but in fact, the doctor was not recalled.

■ Considerable latitude of discretion is accorded to the nisi prius court in the conduct and regulation of trials. We cannot hold that the trial court abused that discretion in temporarily sustaining objection to the proposed evidence, espe-

cially in view of the statement of appellant's counsel—"we will connect it up. We will get the doctor out here."

 Moreover, this evidence goes merely to the extent of damage suffered by plaintiff. The judgment absolved the defendant from liabililty, so error, if any, cannot be made the predicate for a reversal of such ruling. Salvation Army v. Security Roofing Co., 255 Ala. 349, 51 So. 2d 513, and cases therein cited.

The three remaining argued assignments charge error in the admission into evidence of certain letters written by Dr. Paul Shannon, one of appellant's physicians. Dr. Shannon had testified on the previous day and was not questioned about the letters. They were introduced by the defendant the following day. Appellant urges that the letters were introduced to impeach Dr. Shannon's testimony without a predicate having been laid therefor.

The material parts of the letters were that plaintiff had been a patient, had recovered, he was working some eighteen hours a day and the doctor had "permitted him to plan for athletics in the Fall of the year."

The question of the severity of plaintiff's injuries went to the question of damages, and since the defendant was absolved from liability, the error, if any, was harmless. Salvation Army v. Security Roofing Co., 255 Ala. 349, 51 So.2d 513.

No reversible error having been shown in the argued assignments of error, the judgment is due to be affirmed.

Affirmed.

LIVINGSTON, C. J., and LAWSON, STAKELY, GOODWYN, and COLEMAN, JJ., concur.